# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

APRIL TERM, 1872.

THE STATE OF FLORIDA, RESPONDENT, VS. CHAS. H. PEARCE, APPELLANT.

1. It is not essential that an indictment should commence with the words, " The Grand Jurors of the State of Florida." It is sufficient if it commences with the words the "*jurors*" of the State of Florida, where the other entries in the record show that it was found by a grand jury.

2. The record of a judgment in a criminal case contains this entry, showing the swearing of the petit jury: " Thereupon came a jury, to-wit, (naming twelve persons) who being elected, tried, and sworn the truth to speak upon the issue joined." Following the indictment and plea is also this entry: " The jury was duly impanneled and sworn to try the issue." *Held:* That this is sufficient to show that the jury were properly sworn in accordance with the statute, to " well and truly try the issue between the State of Florida and the defendant, according to the evidence."

3. Section 7 of chapter 6 of " An Act to Provide for the Punishment of Crime and Proceedings in Criminal Cases," provides that whoever corruptly gives, offers, or promises to any executive, legislative, or judicial officer, after his election or appointment, either before or after he is qualified or has taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment in any matter, question, cause, or proceeding which may be then pending, or may by law come or be brought before him in his official capacity, shall be punished, &c. An indictment charging a corrupt offer to H., a member of the House of Assembly of the State of Florida, and representing the county of Gadsden as one of the representatives there-

11

of, need not in addition contain the words, " the said Hill then and there being a legislative officer of the State of Florida," or other words to that effect. That the party is a legislative officer is a necessary legal conclusion from the facts set up. The special matter of this whole fact (that he is a legislative officer) is set forth in the indictment with such certainty that the offence judicially appears to the court. This is sufficient.

Appeal from the Circuit Court for Leon county, Second Judicial Circuit.

A statement of the case is contained in the opinion of the court.

*Bolling Baker* and *J. B. C. Drew* for Appellant.

*A. L. Woodward, Sr.,* for Respondent.

WESTCOTT, J., delivered the opinion of the court.

This is an indictment for corruptly offering a sum of money to a legislative officer of the State of Florida, with intent to influence his act and vote upon a matter then pending before him.. Upon the rendition of a verdict of guilty, the defendant moved an arrest of judgment upon the following grounds :

First—That there was no indictment or presentment by the grand jury as required by the constitution and laws of this State.

Second—That the indictment charges no crime or offence under the laws of this State.

This motion was overruled, the defendant excepted and entered an appeal to this court.

The errors assigned here are, that the court erred in overruling the motion to arrest the judgment and that the record of the conviction " discloses the fact that the jurors who tried the case in the court below were not sworn as jurors in this case."

We will examine the questions thus presented in the following order : Does this record disclose an indictment by

the grand jury ?  Does it show that the jurors were not sworn as jurors in the case ?  Does the indictment charge a crime or offence under the laws of this State ?

The record of the conviction, so far as it is necessary to be considered in connection with the first question, is as follows :

After stating the name, style and term of the court, we have the following entries :

" The following persons were sworn according to law as a grand jury for the body of the county of Leon."  Here follow the names of the jurors.  " Ordered that Joseph John Williams be and he is hereby appointed foreman of the grand jury."  " The grand jury came into court and made the following presentment :

" The State of Florida,  ⎤  Indictment for bribery found at
                  vs.  ⎬  the Fall Term, 1870.
Charles H. Pearce.  ⎦  A true bill.

Jos. J. WILLIAMS, Foreman."

Following this entry in the record is found an indictment against the defendant endorsed " a true bill," by the foreman of the grand jury.

The precise objection urged is that the word "jurors," in the commencement of the indictment, is insufficient, and that it is a fatal defect if the indictment does not commence with the words " grand jurors."  This record contains, as we have seen, the name and style of the court where the indictment was found ; the names of the persons composing the grand jury for the term of the court at which it was found ; the making of a presentment against the defendant through this particular indictment by the grand jury, and the indictment itself endorsed " a true bill" by the person who is shown by the record to have been appointed foreman of the grand jury.  This record, therefore, shows that this particular indictment was found by the grand jury.  Independent of this, however, the commencement of the indictment in this case is similar to that used in England for years at a time when the practice of the courts was much more technical and strict

than it is now. This form is the one now in use in courts of criminal jurisdiction in that country. The old practice for centuries was to bring the indictment, drawn up at large in Latin and engrossed, to the grand jury to find, and it always commenced with the words, "*juratores pro domina regina presentant quod*," etc. This form for the commencement of an indictment has obtained, too, for years in most of the States of the Union. Mr. Bishop, in his work on Criminal Procedure, says the whole question as to what a caption should contain " appears, when approached through the American books, draped in mist and girded about with darkness."

It may also be said that there is great variety and difference in the views of the courts of the several States as to what entries or statements in a record are sufficient to show the judicial history of a conviction. From these two causes arise the great variety of opinion which is found in the books upon questions of like character to the one now under consideration. The safe rule is to follow the English precedents, modified to conform to differences in the judicial structure of the two countries. The case of the People vs. Bennett, 37 N. Y., 13, presents an adjudication upon this question.

The part of the indictment which was there complained of as defective was as follows :

" Court of Sessions, }
" Courtland County. } Courtland Co., S. S.

" The jurors of the people of the State of New York, in and for the body of the county of Courtland, upon their oaths present."

The objection was that it did not appear on the face of the indictment that it was found by a grand jury. The court say that " observing the proper distinction between the caption and the commencement of an indictment, no valid objection can be found to the one in this case. The caption is no part of the indictment. It consists wholly of the history of the proceedings when an indictment is re-

moved from an inferior to a superior court. The form of an indictment in most of our States, which form is derived from England, is thus: ' The jurors of the people of the State of ————, in and for the body of the county of ————, upon their oaths present,' &c. This is the commencement of ' the indictment and all that it need contain.'   The commencement of the indictment in this case is correct, and the record entries contain all the facts which a caption should state. If there is an indictment good upon its face on the files of the court, and the party is about to be arraigned upon it, and desires to object that it is found in an improper manner or by an insufficient number of grand jurors, the way is open for redress by motion." 9 Cox C. C., 433, 436 ; 10 Jurist, N. S., 724 ; 32 Black., 238 ; Bish. C. P., 448.

When an indictment properly endorsed a true bill is thus found upon the files, we think the legal presumption is that it is there properly, and that the defendant should be required to take affirmative action setting up the contrary to be the truth. The legal presumption must be that an indictment properly endorsed a true bill by the person whom the records of the term at which it was found show was the foreman of the grand jury, was so found by the grand jury, as the law makes it the duty of the foreman to make such an endorsement only in that event.   13 Fla., 669.

The next question arising upon this record and the assignment of errors is, does the record disclose " that the jurors were not sworn as jurors in this case ?"   This question was not raised in the Circuit Court, and it is insisted that there is no action to be reviewed here.   As we think there is no error, there can be no impropriety in deciding the point. The oath prescribed for the jury by the statute, in all cases not capital, is, " you shall well and truly try the issue between the State of Florida and the defendant according to the evidence, so help you God."   The first entry in this record concerning the swearing of the jury is as follows : " Thereupon came a jury, to-wit : (naming 12 persons,) who

being elected, tried and sworn the truth to speak upon the issue joined," &c. Another entry in reference to the same matter is as follows : " And afterwards, to-wit : on the 13th day of December, A. D. 1870, a jury was duly impannelled and sworn to try the issue between the State of Florida upon the one part and the prisoner at the bar on the other part." We have sought diligently to find some American cases covering the point. As is usual in questions of this character, they are conflicting. In 10 Ohio State, 578, we find this decision : " The record of a judgment in a criminal case which shows that the jury upon being impannelled and sworn the truth to speak upon the issue joined between the parties, and after having heard the evidence and charge of the court, upon their oaths did say that the defendant is guilty as charged, is sufficient without the addition of the words ' according to the law and the evidence,' in connection with the oath to ' render a verdict on the issue joined.' "

In 2 Eng., (Ark.) the defendant was convicted of murder. The record of the conviction stated that the jury " were selected, chosen and sworn to say the truth in the premises," and the cause submitted to them, &c. The court say, " In all criminal prosecutions under our constitution and laws, the jury are the judges both of the law and the evidence, and as a necessary consequence should be sworn to decide according to both. It is perfectly manifest that the swearing in this case is wholly insufficient."

In 5 Eng. (Ark.) a later case in the same State, the entry of record was, " and thereupon to try the issue joined in this case comes a jury, to-wit : A., B., &c., &c., twelve good and lawful men of the county, who were elected, tried and sworn to try the issue joined in this case." The court say the record shows that the jury were sworn only " to try the issue joined. This was irregular. They should also have been sworn to give a true verdict according to the law and the evidence. Had it been stated on the record that the

jury were duly or regularly sworn, we would have presumed that the oath had been properly administered."

The record now before this court is sufficient if we follow the case in Ohio, and it is likewise within the rule of the last decision in Arkansas. The entry which follows the indictment in this case is that " *the jury was duly impannelled and sworn to try the issue*," &c. We cannot, however, thus leave this point, as in our opinion these cases announce the rule too strictly. The record of an indictment and conviction need not set forth the oath to the jury in the precise words in which it is administered; nor is it absolutely essential that such words as that the jury were " duly or legally sworn," should be in the record. It is no more necessary to set forth the oath of the jury which determines the issues raised by the pleadings, than it is to set forth the oath administered to the grand jury which finds the indictment. It is necessary that each should act under oath. The entry which, according to the accepted English forms, is sufficient to show that the proper oaths were administered, is this as to the grand jury : " Be it remembered that by the oaths of A., B., C., D., (and so on naming the grand jurors,) good and lawful men of the county aforesaid, then and there impannelled, sworn and charged to inquire for the said lord the King, and for the body of said county," &c. As to the petit jury, and the jurors for this purpose impannelled and returned, to-wit : (naming them,) being called, came, who being elected, tried and *sworn to speak the truth of and concerning the premises*, upon their oath say, &c. Thus we see that the simple statement by way of narrating the history of the conviction that " the jury were elected, tried and sworn to speak the truth of and concerning the premises," is sufficient. With such an entry, the legal presumption is that the proper oath was administered. Appendix to 4 Black. Com.; 3 Lord Raymond, 36, 51. We think that either of the statements in this record made by way of narrating the history of the trial and conviction is sufficient.

The last question raised in this case is : Does the indictment charge an offence known to the laws of the State of Florida? The section of the statute under which it is framed is as follows: "Whoever corruptly gives, offers or promises to any executive, legislative or judicial officer, after his election or appointment, either before or after he has qualified and taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment, on any matter, question, cause or proceeding which may be then pending or may by law come or be brought before him in his official capacity, shall be punished," &c.

The language of the indictment is as follows: "The jurors of the State of Florida, in and for the body of the county of Leon, upon their oaths present : That Charles H. Pearce, colored, a minister of the gospel, and a Senator representing the Eighth District in the Senate of the State of Florida, and late of the county of Leon aforesaid, in the Circuit and State aforesaid, on the fourth day of February, in the year of our Lord one thousand eight hundred and seventy, with force and arms at and in the county of Leon aforesaid, in the Circuit and State aforesaid, during the pendency before the house of Assembly of the State of Florida, at its regular session of 1870, of a certain resolution to impeach one Harrison Reed, Governor of the State of Florida, of high crimes and misdemeanors, with the purpose and intent of fraudulently and feloniously influencing the act and vote of Frederick Hill, a member of said house of Assembly and representing the county of Gadsden as one of the representatives thereof, and to fraudulently induce the said Frederick Hill, in his official capacity as a member of said house of Assembly, to vote against said resolution of impeachment, did then and there corruptly offer and promise to the said Frederick Hill, member as aforesaid, the sum of five hundred dollars, against the form," &c. The objection urged to the indictment is that it does not set forth all the material facts and circumstances which the prosecution is bound to prove

State of Florida v. Chas. H. Pearce.

in order to procure a conviction; that the most material fact to be proven under the statute in this case is that the offer was made to an executive, legislative or judicial officer, and it is not alleged in the indictment that the person to whom the offer was made was either. The rule stated is no doubt correct, but we think there is in this case an erroneous application of it. Applying this rule to the indictment under consideration, we have no doubt of its efficiency. A critical and careful examination will show that all and every fact or act necessary to make out the crime which the statute creates is set forth in the indictment. The fact charged is that a corrupt offer of a sum of money was made to Frederick Hill, a member of the house of Assembly of the State of Florida, representing the county of Gadsden as one of the representatives thereof. Now if a member of the house of Assembly of the State of Florida is a legislative officer within the meaning of the act, and of this we have no doubt, the fact constituting the crime in this respect is sufficiently stated, and what is omitted to be stated is only a necessary legal conclusion from the special facts stated. The statute in general terms provides a punishment for a corrupt offer, &c., to a *legislative, executive or judicial officer*, with intent, &c. This is the whole fact, and the general and safe rule is that " *the special matter of this whole fact should be set forth in the indictment with such certainty that the offense may judicially appear to the court.*"

Here the acts and facts are set forth in the precise language of the statute, except where that language involves a legal conclusion following from particular facts. In that case, the particular facts from which that conclusion follows are stated. It would not be necessary under this statute, in charging an offer to a judicial officer, after setting forth that he was the judge of a judicial district of the State of Florida, (naming such district,) to allege as matter of fact that he was a judicial officer. Now the term House, with reference to the legislative department of the government, is used in the Con-

stitution repeatedly as signifying the Senate and Assembly, respectively. The allegation that the party was a member of the house of Assembly of the State of Florida is a description of the particular house of the Legislature to which he belonged. Not only is this true, but the indictment alleges further that he was a representative of the county of Gadsden.

We think it " *clearly appears from the facts patent on the record that a specific, legally defined crime is charged with requisite certainty.*" As a general rule, it is both insufficient and unnecessary to charge a legal conclusion.

The judgment and sentence are affirmed.