(April 5, 1907.)

## VILLAGE OF KENDRICK, a Municipal Corporation, Respondent, v. ANNA E. NELSON, Appellant.

[89 Pac. 755.]

VILLAGE TREASURER—POWER OF VILLAGE TRUSTEES TO REMOVE TREASURER—GROUNDS OF REMOVAL MUST APPEAR—RIGHT OF NOTICE AND HEARING.

1. Under the provisions of section 64 of an act approved February 10, 1899 (Sess. Laws 1899, p. 201), entitled "An act to provide for the organization, government and powers of cities and villages," providing that if the village treasurer "neglect or fail for the space of ten days from the end of each and every month to render the said account, the office shall be declared vacant, and the city council or board of trustees shall fill the vacancy by appointment until the next election for city or village officers," the board of village trustees must first find the fact to exist that the treasurer has failed or neglected to make reports as required by law before they can declare the office vacant.

2. While the statute provides that the office of village treasurer "shall be declared vacant" on the happening of certain contingencies, the board of village trustees must first find that the facts actually exist upon which the vacancy may be declared before any vacancy can exist or be filled by appointment; the statute is not mandatory and self-executing to the extent that it can determine and declare the existence of the fact upon which the law operates.

3. Where a board of village trustees is authorized to declare an office vacant and appoint a successor on failure or neglect of the incumbent to discharge certain duties, it is necessary for the board to find and determine that the officer has failed to discharge the duties for a failure to discharge which the vacancy may be declared, before they have jurisdiction or authority to proceed to the appointment of a successor in office.

4. Where a statute provides that an officer may be removed for certain specified causes, the order of removal must be based and founded upon some one or all of such causes, and cannot be made for other causes.

5. Where the board of trustees of a village have made an order removing an officer and specified no grounds for the removal, and have thereafter applied to the court for a writ of mandate to compel the officer so removed to turn over the books, papers and moneys in her hands belonging to the municipality to her successor in office,

and have alleged that her removal was made upon the grounds that she had failed to make monthly reports as required by law, they will not be heard upon appeal to the supreme court to urge as a ground for the issuance of the writ that the officer was not qualified under the constitution to hold such office on account of her sex.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for the County of Latah.    Hon. Edgar C. Steele, Judge.

Action by the village of Kendrick to obtain a writ of mandate against the defendant, treasurer of the plaintiff corporation, to require her to turn over to her successor in office all the books, papers and moneys in her hands belonging to the municipality.    Case heard before the court and writ granted.    The defendant treasurer appealed from the judgment and order.    *Reversed.*

Stewart S. Denning and Wm. E. Lee, for Appellant.

Where the appointment to an office is during good behavior, or the removal can only be for certain specified causes, the power of removal cannot be exercised unless there be a formulated charge against the officer, notice to him of the accusation and a hearing of the evidence in support of the charge, and an opportunity given to the party making the defense.    (Dillon on Municipal Corporations, 6th ed., secs. 250, 253, 254, 255; *Field v. Commonwealth,* 32 Pa. St. 478; *In re Hennen,* 13 Pet. (U. S.) 230, 10 L. ed. 138; *Board of Aldermen of Denver v. Darrell,* 13 Colo. 460, 16 Am. St. Rep. 215, 22 Pac. 784; *Shurtleff v. United States,* 189 U. S. 311, 47 L. ed. 828, 23 Sup. Ct. Rep. 535, and authorities therein cited; *Christy v. City of Kingfisher,* 13 Okla. 585, 76 Pac. 135 (citing all the authorities); *Dullam v. Willson,* 53 Mich. 392, 51 Am. Rep. 128, 19 N. W. 112; *Meade v. Deputy Marshal,* Fed. Cas. No. 9372, 1 Brock. 324; *Price v. City of Seattle,* 39 Wash. 376, 81 Pac. 847; *Biggs v. McBryde,* 17 Or. 640, 21 Pac. 878, 5 L. R. A. 115; *Pratt v. Swan,* 16 Utah, 483, 52 Pac. 1092; *State v. Bryce,* 7 Ohio (pt. II), 82; *Mur-*

*dock v. Academy,* 12 Pick. (Mass.) 244; *State v. St. Louis,* 90 Mo. 19, 1 S. W. 757; *Carter v. City of Durango,* 16 Colo. 537, 25 Am. St. Rep. 294, 27 Pac. 1057; Mechem on Public Officers, 455, 456; *Stockwell v. Board,* 22 Mich. 341; *Kennard v. Louisiana,* 92 U. S. 480, 23 L. ed. 478; High on Extraordinary Remedies, 407; Merrill on Mandamus, 147; *Board of Trustees v. People,* 13 Colo. App. 36, 59 Pac. 72; 2 Abbott on Municipal Corporations, sec. 704, p. 164; *Platt v. Swan,* 16 Utah, 483, 52 Pac. 1092.)

T. B. West and I. N. Smith, for Respondent.

No form of procedure to declare the vacancy is set out in the statute. It is not stated that the council has to give notice. Neither is it stated that the case must be tried in court. But the legislature has said that: "If said treasurer neglect or fail, for the space of ten days from the end of each and every month, to render his said account, his office shall be declared vacant." The construction of this clause depends upon the meaning of the words "shall be."

"The word 'shall' as used in the statute will be construed as meaning 'may' where no public or private right is impaired by such construction; but where the public are interested, or where public or third persons have a claim *de jure* that the act shall be done, it is imperative and will be construed to mean 'must.'" (*City of Madison v. Daly,* 58 Fed. 751; *Whitman v. Bank,* 20 Sup. Ct. Rep. 477, 176 U. S. 559, 44 L. ed. 587; *In re O'Rouke,* 30 N. Y. Supp. 375-377, 9 Misc. Rep. 564; *Mason v. Pherson,* 9 How. 248 (50 U. S.), 13 L. ed. 125; *City of New York v. Furz,* 3 Hill, 612; *Hudson v. City of New York,* 9 N. Y. 163-168, 59 Am. Dec. 526.)

It is very plain from the language of section 64, above quoted, that the law itself declares a vacancy, because: The provision relates to the discharge of a public duty; it relates to conditions created by the treasurer himself, and concerning which the treasurer has absolute notice and knowledge; it affects a public right, to wit, the right of the city at all times to know the condition of the treasury; no procedure for removal is designated or pointed out; the office

is declared vacant and the council empowered to fill the vacancy. For these reasons it is claimed that the provisions of section 64 of the act relating to cities and villages contained in the laws of 1899 are mandatory and self-executing.

"Where the tenure of the office is not fixed by law, and no other provision is made for removals, either by the constitution or by statute, it is said to be a sound and necessary rule to consider the power of removal as incident to the power of appointment." (Citing *Ex parte Hennen,* 13 Pet. 230-259, 10 L. ed. 138; *Newsom v. Coke,* 44 Miss. 352, 7 Am. Rep. 386; *People v. Hill,* 7 Cal. 97; *Smith v. Brown,* 59 Cal. 672; *People v. Shear* (Cal.), 15 Pac. 92; *Williams v. Boughner,* 6 Cold. (Tenn.) 486; *Patton v. Vaughn,* 39 Ark. 211; *People v. Durston,* 3 N. Y. Supp. 522; *People v. Board of Fire Commrs.,* 73 N. Y. 437; *People v. Mayor,* 5 Barb. 43.)

AILSHIE, C. J.—This action was commenced in the district court in and for the county of Latah, by the plaintiff, the village of Kendrick, praying for the issuance of a writ of mandate against the defendant, requiring her to deliver up the books, papers, vouchers and moneys in her hands as the treasurer of the plaintiff village.

The case went to trial, which resulted in a judgment in favor of the plaintiff, and a peremptory writ was issued against defendant.

The sole cause of the controversy appears to have arisen out of what the plaintiff claims was a failure on the part of the defendant to make and file her monthly reports as required by section 64 of the act of February 10, 1899, entitled, "An act to provide for the organization, government and powers of cities and villages" (Sess. Laws 1899, p. 201). That section contains, among other things, the following provisions: "If said treasurer neglect or fail for the space of ten days from the end of each and every month to render the said account, the office shall be declared vacant and the city council or board of trustees shall fill the vacancy by appointment until the next election for city or village officers."

The village alleged in its complaint that the defendant had failed and neglected to make and file the report required by the statute, and that in accordance with the provisions thereof the board had declared the office vacant and appointed her successor.

Upon the trial, the village introduced in evidence a copy of the minutes of the proceedings of the village council of their meeting held on the sixth day of June, 1906, which is as follows: "It is the report of the finance committee that the office of village treasurer be declared vacant. Motion by Callison, seconded by McIntosh, that the office of treasurer be declared vacant. Motion carried. B. Hines, Chairman, Harry McIntosh, Clerk."

The contention made by the appellant treasurer in this court is that before the board could remove her, it was necessary that the charge be made against her that she had failed to comply with the law, and that she should have had the right to be heard before they could make an order dismissing her and declaring her office vacant. It is also urged that they could only declare the office vacant upon the grounds and for the reasons designated in the statutes, namely: That she had neglected or failed for the space of ten days from the end of the month to render her account.

It is contended on the other hand by the village that the statute is mandatory and self-executing. The difficulty, however, that at once confronts that proposition is this: The office cannot become vacant, whether by operation of law or by action of the board, until the fact of failure to comply with the statute actually exists. Since the statute provides that it shall be declared vacant for failure to file the report within the specified time, it necessarily follows that some body or authority duly constituted by law must first find that such facts exist before it can declare the vacancy that follows upon the existence of those facts.

Now, it appears to us that if the vacancy must be declared and filled by the board, that it is incumbent on the board to first find that the fact exists upon which the vacancy can be declared. In the case at bar, however, the minutes

of the board of trustees does not show that any cause existed
for the removal of the treasurer. It does not show upon
what grounds or for what reason the board attempted to re-
move the treasurer. So far as we have been able to examine
the authorities, it has been uniformly held that where the
statute provides that an officer may be removed for specified
causes or upon doing or failing to do some specific act, the
board or body making the removal and declaring the vacancy
must first find the existence of the fact which entitles them
to make such removal and declare such vacancy, and that
until they have first done so, they have no jurisdiction or
authority to remove the officer or appoint his successor. It
is also worthy of observation here that a very respectable
line of authorities holds that before an officer can be removed
for any of these grounds or causes, the board or body mak-
ing the removal should formulate charges and notify the offi-
cer and give him an opportunity to be heard.

We have heretofore considered the principle involved in
this case in *Ewin v. Independent School Dist. No. 8,* 10
Idaho, 102, 77 Pac. 222. In that case this court held that
where the board or body has power and authority to remove
at pleasure, they need not give any reason or cause for re-
moval, nor are they required to give notice and the oppor-
tunity for a hearing; but that, on the other hand, where the
power of removal is restricted or limited to certain reasons
or causes, then and in that case the board or body must find
that such reasons or causes exist, and that the courts have
the power and authority to review the action of the board
making the removal. We have no doubt in this case but that
it was incumbent upon the board of trustees to find that the
treasurer was guilty of a failure to make her reports as re-
quired by statute before they could declare her office vacant
or appoint her successor.

Mechem on Public Officers, at section 454, in discussing
the general question here under consideration, says: "In
those cases in which the office is held at the pleasure of the
appointing power, and where the power of removal is exer-
cisable at its mere discretion, it is well settled that the officer

may be removed without notice or hearing. But, on the other hand, where the appointment or election is made for a definite term or during good behavior, and the removal is to be for cause, it is now clearly established by the great weight of authority that the power of removal cannot, except by clear statutory authority, be exercised without notice and hearing, but that the existence of the cause for which the power is to be exercised must first be determined after notice has been given to the officer of the charges made against him, and he has been given an opportunity to be heard in his defense."

The text-writers are very generally agreed as to the principle applicable in such cases. (See Throop on Public Officers, secs. 354-368; Dillon on Municipal Corporations, 6th ed., secs. 250-255; 2 Abbott on Municipal Corporations, p. 1663; also *Christy v. City of Kingfisher,* 13 Okla. 585, 76 Pac. 135; *State ex rel. Denison v. City of St. Louis,* 90 Mo. 19, 1 S. W. 757; *Board of Aldermen of Denver v. Darrow,* 13 Colo. 460, 16 Am. St. Rep. 215, 22 Pac. 784; *Dullam v. Willson,* 53 Mich. 392, 19 N. W. 112, 51 Am. Rep. 128; *Arkle v. Board of Commrs.,* 41 W. Va. 471, 23 S. E. 804.)

It is contended that the village treasurer is not appointed for any definite length of time, and that the office must therefore be held at the pleasure of the board. It is true that the statute does not specifically designate the length of time for which an appointee shall serve, yet section 64 of the law which authorizes the board to appoint a successor in certain contingencies provides that such appointee shall hold "until the next election for city or village officers." This provision clearly indicates that the legislature intended to make the term of office the same as the term of the board of trustees. If one appointed to fill a vacancy caused in the office of treasurer is to hold until the next village election, then it would seem to have been the intention of the legislature that the original appointee was to hold until the next general election.

It has been urged by counsel for respondent in this case that the defendant and appellant has no standing in court, for the reason that under the provisions of section 2 of

article 6 of the state constitution, a woman is prohibited from holding any office except "school offices." We are cited to a long line of authorities from this court, the last of which is *Bank of Commerce v. Baldwin*, 12 Idaho, 202, 85 Pac. 498, in which the court held that "all our legislation with reference to the contracts, powers and liabilities of married women must be viewed and construed as grants instead of restrictions of power and authority to contract." It is argued by counsel that the same view should be taken with reference to grants made by the constitution to women touching their political rights; that primarily and originally they had no right to hold office, and since the constitution has failed to specifically grant that power to them for any position other than "school offices," it was therefore the intention to restrict their office-holding power and capacity to such offices and to prohibit them from holding any others.

The difficulty in which the respondent finds itself, however, in this case relieves us of the necessity of examining or considering as to whether there is any merit in its contention. The village authorities appointed this woman to the office of treasurer, and she entered upon the discharge of the duties and continued therein for several years. They attempted to remove her, and while in their order of removal they specified no grounds or reasons therefor, they alleged in their petition for a writ of mandate that she had been removed for a failure to comply with the statutes in making reports. They alleged in their petition that she was the duly appointed, acting and qualified treasurer of the village, and thereupon prayed that she be required and commanded to surrender up the books, papers and moneys to her successor in office. The village is in no position now to charge that they removed her because she is a woman, and for the reason that a woman cannot hold office in this state. The judgment that was entered in this case in the lower court was not based or founded upon any such assumption or theory of the law. The village is the actor in this case—the defendant treasurer is asking nothing. She is not seeking to establish any right, but is rather de-

fending a legal status which the village admits existed prior to its order of removal.

In view of the conditions of this case and the reluctance of courts to inquire into constitutional questions in such proceedings as this, the respondent village will not be heard in this case to question the right of a woman to hold the office to which appellant has been regularly appointed.

We conclude that the writ of mandate was improperly issued, and that the judgment and order granting the same should be reversed, and it is so adjudged.

The judgment is reversed and the case is remanded, with direction to the district court to dismiss the action.

Costs are awarded in favor of the appellant.

Sullivan, J., concurs.