D. C. COLEMAN, as Sheriff of Dade County, v. STATE, *ex rel.* LOWELL MITCHELL.

182 So. 627.
En Banc.
Opinion Filed June 16, 1938.
Rehearing Denied July 25, 1938.

*G. A. Worley, Thomas H. Anderson* and *Robert R. Taylor,* for Plaintiff in Error;

*Kehoe & Kehoe,* for Defendant in Error.

PER CURIAM.—This cause is before the Court on a writ of error presented in the name of D. C. Coleman, as Sheriff of Dade County, Florida, from an order dated December 13th, 1937, entered by the Honorable Arthur Gomez, a Judge of the Circuit Court of Dade County, Florida, directing and commanding the release or discharge from custody of the law, Lowell Mitchell, who was then being held by the Sheriff of Dade County, Florida, on a capias predicated on an information for bribery presented by the Honorable Robt. R. Taylor, as County Solicitor of the Criminal Court of Record in and for Dade County, Florida. The order of discharge is sought to be reversed in this Court. The brief of counsel for plaintiff in error fails to cite the Section of Compiled General Laws of Florida under which the information was drafted, while counsel for defendant in error cites a number of Sections of C. G. L., applicable to the offense of bribery and concludes generally that it was drafted under Section 7481 C. G. L. The lower court, in its opinion discharging petitioner, intimates the information was drafted under Section 7481 C. G. L., and in the opinion considers or interprets with Section 7486 C. G. L.

We are reasonably certain of our position when we state the information before us was drafted under Section 7481 C. G. L., which is as follows:

"Bribery of Executive, Legislative or Judicial Officer. Whoever corruptly gives, offers or promises to any executive, legislative or judicial officer, after his election or appointment, either before or after he is qualified, or has taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment on any matter, question, cause or proceeding which may be then pending, or which may by law come or be brought before him in his official capacity, shall be punished by imprisonment in the State prison not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding three thousand dollars."

The information is as follows:

"ROBT. R. TAYLOR, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that LOWELL' MITCHELL and WANDO MITCHELL of the County of Dade and State of Florida, on the 2nd day of November, in the year of our Lord, one thousand nine hundred and thirty-seven, in the County and State aforesaid, did then and there unlawfully and corruptly commit the crime of bribery in this: That on November 2, 1937, one H. KEEN was the duly appointed, authorized and acting deputy tax collector for Hayes Wood, who was then and there the duly elected, qualified and acting tax collector of Dade County, Florida, and it was then and there the duty of the said H. Keen, as deputy as aforesaid, to issue, in the name of the said Hayes Wood as Tax Collector, as aforesaid, occupational licenses to such persons who paid the sums therefor as fixed by law and who otherwise complied with the laws regulating the inspection and collection of occupational licenses and taxes;

and the said Lowell Mitchell then and there with the intent and purpose unlawfully and corruptly to cause the said H. Keen, as deputy tax collector as aforesaid, the said Lowell Mitchell then and there well knowing the official capacity of said H. Keen, to issue to Wando Mitchell a pretended duplicate license to engage in the occupation of a phrenologist at Indian Village on Northwest North River Drive, in Dade County, Florida, without paying therefor the sum required by law, the said Wando Mitchell not then and there having an original license, or any other license, to engage in the occupation of phrenologist at said place, which fact was then and there well known to said Lowell Mitchell, and said Lowell Mitchell, with the intent aforesaid, intended that the said Wando Mitchell would use said pretended duplicate license in order to engage in the occupation of phrenologist at said place and without paying therefor the sum required by law, and in order to induce the said H. Keen, in his capacity aforesaid, to issue to said Wando Mitchell the said pretended duplicate license, the said Lowell Mitchell then and there, in the county and state aforesaid, with the intent and purpose, as aforesaid, did corruptly and unlawfully offer and promise to pay to said H. Keen, which said offer and promise was intended unlawfully and corruptly to influence said H. Keen, a large sum of money or currency of the United States of America, to-wit: Twenty-five dollars ($25.00), which said sum the said Lowell Mitchell then and there knew that the said H. Keen was not authorized by law to accept or exact, and the said Wando Mitchell was then and there present for the purpose and intent of aiding and abetting and procuring the said Lowell Mitchell in the said bribery contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

Bribery comprehends and includes the crime of attempted

bribery. Bribery and attempted bribery are considered and discussed in Volume 8, pages 890-1, par. 10, American Jurisprudence, viz.:

"Attempt to Bribe. Bribery at common law is the offering, giving, receiving, or soliciting of anything of value with intent to influence the recipient's action as a public official, whether executive, legislative, or judicial. It therefore comprehends the crime of attempted bribery. At common law bribery and an attempt to bribe are both misdemeanors. Hence, apart from statute, any distinction between bribery and an attempt to bribe is of no practical importance. It is the offering of the bribe that constitutes the substantive crime of bribery, although such offer is separately indictable as an attempt to bribe. Many of the states have denounced as crime certain transactions which fall short of completed bribery. An offer to pay a bribe, without regard to its acceptance, is a crime in some states, but not in others." * * *

It is contended by counsel for plaintiff in error that the indictment, *supra,* is sustained by the common law of England which was in force in England and of a general nature on July 4, 1776. See Section 87 C. G. L. Likewise, State, *ex rel.* Burr, v. Jacksonville Terminal Co., 90 Fla. 721, 106 So. 576, and Woodbury v. Tampa Water Works Co., 57 Fla. 243, 249, 49 So. 556, 21 L. R. A (N. S.) 1034, are cited and relied upon in this Court. We can fully agree with the principles of law enunciated by each of these authorities. It is doubtful if this Court can adopt this contention, in face of Section 7126 C. G. L. to the effect that the common law of England, except in so far as the same relates to the modes and degrees of punishment, shall be of full force in this State, where there is no existing provisions by statute on the subject. It does appear that the Legislature of Florida has, from time to time, enacted laws

applicable to bribery as charged in the indictment in this case and in so doing we now have existing statutes on this subject and the same are in derogation of the common law. We no longer look to the common law for the crime of bribery, but look to Sections 7481, 7482, 7483, 7484, 7485, 7486, 7487, 7488, and 8172 C. G. L.

It is next contended that the information is fatally defective because the Deputy Tax Collector, H. Keen, was and is not an executive, judicial or legislative officer within the meaning of Section 7481 C. G. L. It will be observed that the position of Deputy Tax Collector was created by statute and he obtained his authority under appointment by the Tax Collector, who in turn is elected by the people. The duties and compensation of a Deputy Tax Collector are prescribed by Section 955 C. G. L. The Constitution of Florida provides that all county and State officers not appointed by the Governor shall be elected by the people and there is no constitutional provision for the election or appointment by the Governor of a Deputy Tax Collector. See Section 27, Article III, of the Constitution of Florida. We therefore hold that a Deputy Tax Collector is not an executive, legislative or judicial officer within the meaning of Section 7481 C. G. L.

Let us consider whether or not the information, *supra*, is supported by Section 7486 C. G. L., which reads as follows:

"It shall be unlawful for any officer, State, county or municipal, or any public appointee, or any deputy of any such officer or appointee, to exact or accept any reward, compensation, or other remuneration other than those provided by law, from any person whatsoever for the performance, non-performance or violation of any law, rule or regulation that may be incumbent upon the said officer or appointee to administer, respect, perform, execute or to

have executed; Provided, that nothing herein shall be construed so as to preclude a sheriff or his deputies, city marshal or policeman from accepting rewards or remuneration for services performed in apprehending any criminal."

It will be observed that this Section embraces any officer, State, county or municipal, or any public appointee or any deputy of any such officer or appointee and this classification includes the position of a Deputy Tax Collector.

This Section embraces the office of Deputy Tax Collector as described in the information. It makes it unlawful to *exact* or *accept* any reward, etc., while the information charges the Deputy Tax Collector was "unlawfully offered and promised a reward" and we are convinced that the information cannot be supported by Section 7486. The statutory crime of bribery was considered by this Court in Streeter v. State, 89 Fla. 400, 104 So. 858; Colson v. State, 71 Fla. 267, 71 So. 277; State v. Pearce, 14 Fla. 153.

There is no error in the record and the judgment appealed from is hereby affirmed.

WHITFIELD and TERRELL, J. J., concur.

BROWN and BUFORD, J. J., dissent.

BROWN, J. (dissenting).—In the case of State, *ex rel.* Williams v. Coleman, 131 Fla. 892, 180 So. 357, it was held that a City Commissioner was not an executive, legislative or judicial officer within the meaning of Sections 7481-7482 of the Compiled General Laws. But here we are not dealing with a municipal officer; we are dealing with an information charging an attempt to bribe a deputy tax collector. I do not think it is relevant here that a deputy tax collector does not happen to be an officer who is either elected by the people or appointed by the Governor. He certainly is an important public officer. In Wharton's Criminal Law (12th Edition) page 2523, it is said that

bribery is the "corruptly tendering or receiving of a price for official action." A large percentage of the official action taken in this State is performed by deputies. Thus, the writ of error in this case was signed neither by the clerk of this Court nor by the clerk of the lower court. It was signed in the name of the clerk of the lower court by a deputy. Most summonses .issued by the clerks of our courts in the larger counties are issued and signed by a deputy clerk. But this does not keep such action from being official; that is official which is done by virtue, not of the individual, but of the office. The office is what the law creates and seeks to protect. The officer simply performs the duties of the office. Thus a voter is not an official, yet it is a crime both at common law and by statute to bribe a voter. It is also a crime to bribe a juror.

Section 7126 C. G. L. provides that the common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this State where there is no existing provision by statute on the subject.

If it be held that none of our statutes relating to bribery apply to a deputy tax collector, then there is no existing provision by statute on the subject, and we would be relegated to the common law. It is a familiar rule that statutes in derogation of the common law must be strictly construed; thus leaving the common law in effect in so far as it has been changed, modified or abrogated by statute. In Bryan v. Landis, Attorney General, *ex rel*. Reeve, 106 Fla. 19, 142 So. 650, this Court, speaking through Mr. Justice TERRELL, said:

"In the absence of statute or constitutional provision regarding the subject matter, the common law rule prevails in this State. Village of Kendrick v. Nelson, 13 Idaho 244, 89 Pac. 755, 12 Ann. Cases 993, note 995. Statutes de-

signed to change the common law rule must speak in clear, unequivocal terms, as this rule will not be changed by doubtful implications and if changed or modified, the change or modification extends no further than is expressly declared."

I think the quotation in the *per curiam* opinion in this case from volume 8, pages 890-891, of American Jurisprudence, shows that the offense charged in this information constitutes the common law offense of an attempt to bribe a public officer. At another place on page 891 of the legal work cited, 8 Am. Jur., it is said:

"According to the weight of authority, it is immaterial whether an attempt to bribe is successful; the *corpus delicti* —the essence and substance of the offense—being the corrupt intent."

On page 893 of 8 Am. Jur. it is also said that the scope of the crime of bribery at common law has gradually been broadened so as to include the acts of officers, judicial or otherwise, the petty as well as the great. The common law is not static, but its principles have gradually been broadened in their application so as to meet changed conditions. It is the adaptability of common law principles in their application to new circumstances and conditions as they arise which have made the common law such a useful factor in the jurisprudence of this country and in the life and progress of our people. It is usually merely a matter of the new application of old and well settled principles. In this connection see Hurtado v. Californa, 110 U. S. 516, 28 L. Ed. 232, 4 S. C. 292; Funk v. United States, 290 U. S. 271, 54 S. C. 212, 78 L. Ed. 269; State, *ex rel.* Burr, v. Jacksonville Terminal Company, 90 Fla. 721, 106 So. 576; Woodbury v. Tampa Water Works Company, 57 Fla. 243, 49 So. 556. See also 9 C. J. 406-407; 4 R. C. L. 180-181, 183; Walsh v. People, 65 Ill. 58, 16 Am. Rep. 569, and

other authorities cited in the writer's special concurring opinion in the case of State, *ex rel.* Williams, v. Coleman, 131 Fla. 872, 180 So. 360, 367-368.

Thus in Woodbury v. Tampa Water Works Company, *supra,* this Court, speaking through Mr. Chief Justice WHITFIELD, said:

"Where a case is new in instance, but not in principle, it is the duty of the court to apply remedies applicable to cases coming within existing principles, even though the principle has not before been applied. Modern developments in the rendering of public service by corporations require the application of old legal principles to new circumstances as they arise in particular cases."

And in State, *ex rel.* Burr, v. Jacksonville Terminal Company, the same eminent jurist, writing the opinion of this Court, said:

"If it be true that no exactly similar case has heretofore been adjudicated, the principles of the common law are in force in this State when not in conflict with organic and statute law; and the rules of the common law as well as the statutes are designed for application to new conditions and circumstances, as they may be developed by enlightened commercial and business intercourse, that are within the scope and remedial intent of existing provisions and principles of law. The provisions and principles of law are intended to be vitalized by practical utility, subject to organic limitations."

The offense denounced by the provisions of Section 7486 C. G. L., that of the exaction or acceptance of a bribe, is expressly made to apply to any officer, State, County or municipal, or any public appointee, or any deputy of such officer or appointee, and makes it a crime for any such officer, appointee, or any deputy, to either "exact or accept"

any reward, other than those provided by law, from any person for the performance or non-performance of any law, rule or regulation, that may be incumbent upon such officer or appointee to administer, respect, or perform, etc. This statute, as far as it goes, is in my opinion merely declaratory of the common law. And if it be unlawful for a deputy officer to accept a *bribe,* it is certainly unlawful to *offer* a bribe to such officer. This statute does not abrogate the common law on that subject.

Section 7544 C. G. L. makes it a criminal offense for anyone to *attempt* to commit an offense prohibited by law, who in such attempt, does any act toward the commission of such offense, but fails in the perpetration, or is intercepted or prevented in the execution of the same; and prescribes the punishment according to the grade of the offense attempted to be committed.

For these reasons, I am of the opinion that the information involved in this case does not wholly fail to charge an offense against the laws in force in this State, and that the judgment below should therefore be reversed.

BUFORD, J., concurs.