RÓMULO CORRADA ET AL., Petitioners and Appellees, *v.* THE MUNICIPAL ASSEMBLY OF MOROVIS AND ITS MEMBERS, ETC., ET AL., Respondents and Appellants.

No. 11435. Argued April 2, 1956.—Decided May 31, 1956.

*Ángel Manuel Ciordia* and *C. H. Juliá* for appellants. *Antonio Reyes Delgado* for appellees.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

Section 21 of the Municipal Law provides that "If a member of the assembly fails to attend the meetings thereof three consecutive days without just cause, the assembly may declare his office vacant." 21 L.P.R.A. § 96. In view of the fact that three assemblymen had failed to attend the meeting during three consecutive days without just cause, the Municipal Assembly of Morovis declared their offices vacant. This resolution was adopted on October 10, 1953, in the absence of the three assemblymen who were removed, without giving them advanced notice of the action which the Municipal Assembly proposed to take and an opportunity to be heard on whether there was just cause as required by law. Moreover, notice of the resolution was never duly given (*i. e.*, in writing and officially) to the assemblymen whose offices were declared vacant. To review or annul such acts of the Municipal Assembly of Morovis, the three assemblymen filed a petition for

certiorari on December 28, 1953, in the Arecibo Part of the Superior Court, on the authority of § 83 of the Municipal Law. 21 L.P.R.A. § 324.[1] After a hearing of the case on the merits, the lower court set aside the resolution of the Municipal Assembly by judgment rendered on March 10, 1954, from which this appeal is taken.

Appellants first maintain that the petition for review made on December 28, 1953 was belated. They argue that the resolution of the Municipal Assembly declaring vacant the offices in question constitutes an "executive or administrative act," and that under § 83 of the Municipal Law the 30-day period to appeal to the Superior Court began to run from the date such act was performed, namely, October 10, 1953. Obviously, they are wrong. Before declaring vacant the office of one of its members under the authority of § 21 *supra*, the Municipal Assembly must logically determine: *first*, that the assemblymen failed to attend the session during three consecutive days; and *second*, that there was no just cause for their absence. This is therefore a quasi-judicial function and notice of the resolution adopted

---

[1] This section in its pertinent part provides:

"On motion of the aggrieved party, the Superior Court shall have jurisdiction—

"(a) To annul or review by writ of certiorari any legislative or administrative act of the municipal assembly, board of administration, mayor or other municipal official, which infringes the constitutional rights of the complainants or which is contrary to the Organic Act or to the laws of Puerto Rico;

"(b) To stay by injunction the execution of any ordinance, act, resolution or order which infringes rights guaranteed by the Constitution or by Commonwealth laws;

"(c) .        .        .        .        .   .        .        .

"(d) .        .        .        .        .       .        .        .

"In the first two cases, the aggrieved party may file his suit only within the term of thirty days from and after the date on which the executive or administrative [act] shall have been performed or the ordinance, action, resolution or order shall have been promulgated or communicated to the complainant; *Provided*, That when the ordinance or resolution should be published in accordance with this subtitle, the said term of thirty days shall begin from the date of publication of said ordinance or resolution."

348

thereunder must be given to the aggrieved party. See 4 McQuillin, *The Law of Municipal Corporations* (3d ed.), § 13.03; 62 C.J.S., *Municipal Corporations*, § 390, and other cases cited therein; Davis, *Administrative Law* (1951), p. 779 *et seq.* In such case, the petition for certiorari to annul or review such act or for injunction to stay its execution must be filed within the 30-day period counted from the date of notice of the action, resolution, or order to the aggrieved party. This is expressly provided by § 83 of the Municipal Law. In the case at bar, the action could not be belated since the Municipal Assembly never gave notice to petitioners of the resolution declaring their offices vacant.[2]

■ Appellants next maintain that the trial court erred in holding that the office of a municipal assemblyman may not be declared vacant under § 21 of the law, unless the person affected by the quasi-judicial act is notified of the action sought to be taken and is given an opportunity to be heard and to offer pertinent evidence. This assignment does not merit serious consideration. The power to declare vacant the office of an assemblyman is equivalent to the power to order the removal or expulsion of one of its members. In the exercise of that power, the Assembly can not act without previous notice or hearing. *Cf. Peña* v. *Mun. Assem. of Santa Isabel,* 36 P.R.R. 801 (1927); *Municipal Assembly* v. *Rodríguez,* 38 P.R.R. 851, 857–58 (1928); *Village of Hendrick* v. *Nelson,* 89 Pac. 755 (Idaho, 1907); 62 C.J.S., *supra,* and cases therein cited. Even after it is

---

[2] The remedy of certiorari granted by § 83 of the Municipal Law of 1928, the same as under former § 65 of the Municipal Law of 1919, comprehends the legislative or administrative acts of municipal bodies or offices, and is not restricted to a review of quasi-judicial acts as under the general rule laid down by the American decisions. *Casanovas et al.* v. *Municipality of Mayagüez,* 31 P.R.R. 267 (1922). As to how and when the 30-day period begins to run, within which a party aggrieved by a municipal *ordinance* may file petition for certiorari or injunction, see *Piñero* v. *Sancho Bonet, Treas.,* 53 P.R.R. 438 (1938); *Quiñones* v. *Municipal Assembly,* 49 P.R.R. 391 (1936); and *Porras et al.* v. *Council of Adm. et al.,* 37 P.R.R. 689, 694–95 (1928).

established that an assemblyman failed to attend a session during three consecutive days, the statute requires that such absence be incurred *without just cause* as a condition for declaring his office vacant. In other words, the removal or expulsion of an assemblyman under § 21 of the law requires the determination of whether or not there was just cause for the absence, which necessarily implies an administrative or quasi-judicial hearing. *Cf. Cintrón v. Berríos,* 24 P.R.R. 673 (1917); *Belaval v. Todd,* 22 P.R.R. 590 (1915).[3]

▮ The lower court erroneously held that in the case of an "act, resolution, or order" of a quasi-judicial nature, § 83 of the Municipal Law only grants the remedy of injunction and not of certiorari. The term "administrative" employed in paragraph (*a*) of § 83 includes purely executive acts and also acts of a quasi-judicial nature. However, in the last paragraph of that section the word "administrative" was used as synonymous with "executive": in providing that the period of 30 days will commence to run from the date "on which the executive or administrative act shall have been performed." Therefore, the party aggrieved by the quasi-judicial action of a municipal assembly may, pursuant to law, appeal to the Superior Court by certiorari to annul or review such act, or by injunction to suspend its execution.

▮▮ However, the lower court granted to petitioners the remedy to which they were entitled, as if it were a case of injunction, in accordance with the pleadings and the

---

[3] The judicial review by special certiorari provided by § 83 of the Municipal Law must be restricted to a review of the record of the proceedings had before the Municipal Assembly, for the sole purpose of deciding whether the determinations required by § 21 are supported by the substantial evidence, or whether the Municipal Assembly committed errors of law. Even though a person who would be affected by the action of the Municipal Assembly ought to receive previous notice of the proposed action and be given an opportunity to be heard at a hearing, it is not necessary that all the formalities of a trial be observed. See Davis, *supra,* pp. 273–329. The Municipal Assembly must make a complete record of all proceedings had before it, including the transcript of the oral and documentary evidence. See *Ledesma, Administrator v. District Court,* 73 P.R.R. 379 (1952).

evidence, on the authority of Rule 81(*b*) of the Rules of Civil Procedure and the cases of *Núñez* v. *Benítez,* 65 P.R.R. 812, 816–17 (1946), and *Sierra, Comm'r* v. *Nido,* 71 P.R.R. 847, 858 (1950). Appellants contend that this rule does not apply to a proceeding of special certiorari under § 83 of the Municipal Law, and that under the Code of Civil Procedure the petition for certiorari should have been denied. However, according to § 191 of the Code of Civil Procedure (32 L.P.R.A. § 894), the court may grant to petitioner any relief consistent with the case made by the complaint and embraced within the issue. Hence, the facts alleged and the evidence presented, and not the title or the prayer of the complaint, form the basis for determining the existence of a cause of action, even under § 191 *supra.* In other words, Rule 81(*b*) in no way changed the situation prevailing in Puerto Rico under the Code of Civil Procedure. See *Rodríguez* v. *San Juan Fruit Co.,* 60 P.R.R. 425, 428 (1942); *Rodríguez* v. *Cortés,* 51 P.R.R. 587, 593 (1937); *Ochoa Fertilizer Corp.* v. *Seix,* 41 P.R.R. 903, 904 (1931); Clark, *Code Pleading* (2d ed.) 1947, pp. 259–75. Moreover, since the appeal is taken from the judgment rather than from its grounds, any error committed by the lower court in this connection would not be reversible.

The judgment will be affirmed.