QUESTION: Is a member of the Florida Retirement System who is found guilty of violating s. 838.06, F.S., by accepting unauthorized compensation for the performance, nonperformance, or violation of any act, rule, or regulation that it is incumbent upon him to administer, respect, perform, execute, or have executed guilty of "bribery in connection with the employment" as contemplated by s. 121.091(5)(f), F.S. (1974 Supp.)?
SUMMARY: A member of the Florida Retirement System who has been adjudged guilty of violating s. 838.06, F.S. (acceptance of unauthorized compensation) by the court has been "found guilty in a court . . . of committing, aiding, or abetting any . . . bribery in connection with [his public] employment" within the meaning and intent of s. 121.091(5)(f), F.S. (1974 Supp.), and has thus forfeited his retirement rights and benefits under the Florida Retirement System Act except the return of such official's accumulated contributions. Your question is answered in the affirmative. Section 121.091(5)(f), F.S. (1974 Supp.), of the Florida Retirement System Act provides that Any member who is found guilty in a court of competent jurisdiction of committing, aiding, or abetting any . . . bribery in connection with the employment, committed prior to retirement, . . . shall forfeit all rights and benefits under this chapter except the return of his accumulated contributions as of his date of termination. The charge against the officer-member was that he "did exact or accept" a stated sum of money in consideration of which he, in his official capacity, did "promote, encourage and otherwise insure" that a named corporation be awarded a construction contract with the state board which he served as executive officer, in violation of s. 838.06, F.S. The trial court adjudged him guilty of the charge made against him but withheld imposition of sentence and placed him on probation for 7 years. As conditions of the probation, he was required by the court to pay a fine of $5,000 and to reimburse the State of Florida $32,273.66 at the rate of not less than $5,000 each year beginning in 1975, as directed by the Probation Officer. Except for the qualifications that the "bribery" must be committed "in connection with the employment" and "prior to retirement," s. 121.091(5)(f), supra, does not otherwise describe the offense of "bribery" upon which the forfeiture of retirement rights and benefits is based. However, at the time the Florida Retirement System Act was adopted in 1970 (Ch. 70-112, Laws of Florida), our Legislature had "abrogated the common law in relation to the crime of bribery or attempted bribery by enacting statutes applicable thereto." (Emphasis supplied.) Nell v. State, 277 So.2d 1, 4 (Fla. 1973). Accord: Coleman v. State ex rel. Mitchell, 182 So. 627 (Fla. 1938), in which the court said that "[w]e no longer look to the common law for the crime of bribery, but look to Sections 7481, 7482, 7483, 7484, 7485, 7486, 7487, 7488, and 8172, C.G.L. [1927]." The sections of the 1927 Compiled General Laws referred to now appear in the Florida Statutes as ss. 838.01, 838.02, 838.03, 838.04, 838.05, 838.06, 838.07, 838.08, and 104.061, F.S., respectively, in substantially the same form. (It might be noted that the common law offense of bribery — which is the offering, giving, receiving, or soliciting of any thing of value to influence official action, Black's Law Dictionary 4th Ed., Coleman v. State, supra, 182 So. at 628 — is substantially the same as the offense denounced by s. 838.06, supra, which is committed by one who requests, solicits, exacts, or accepts any compensation for the performance, nonperformance, or violation "of any act, rule or regulation that may be or may have been incumbent upon such public officer . . . to administer, respect, perform, or have executed. . . .") And the Ch. 838 statutes are generally referred to as "bribery" statutes. See State v. Hazellief, 148 So.2d 28, 32 (2 D.C.A. Fla., 1962), stating that ss. 838.06 and 838.07 "are essentially `bribery' statutes"; and Ewing v. State, 81 So.2d 185,186 (Fla. 1955), in which the court noted that it had "shown no disposition to restrict the scope of the statutory offense of bribery." (Emphasis supplied.) The Legislature is presumed to know the meaning of words and to have full knowledge of existing statutes relating to the same subject. See Tamiami Trail Tours v. Lee, 194 So. 305 (Fla. 1940). In Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889, 893 (Fla. 1943), the Florida Supreme Court quoted with approval United States v. Turner Turpentine Co., 111 F.2d 400, 404 (5th Cir.), as follows: . . . when a word or term intended to have general application in an activity as broad as agriculture, has a wide meaning, it must be interpreted broadly enough to embrace in it all the kinds and forms of agriculture practiced where it operates, that its generality reasonably extends to . . . . Accord: Florida State Racing Commission v. McLaughlin, 102 So.2d 574, 576 (Fla. 1958), ruling that the use by the Legislature of the comprehensive term "racing plant" indicates an intent to include "everything embraced within the term," including all species of horse racing plants as well as dog racing plants. Similarly, the word bribery as used in s. 121.091(5)(f), supra — except as specifically qualified therein — should be interpreted broadly so as to embrace all the different forms and species of "bribery" which in 1970 had been on our statute books for many years. Cf. Commonwealth ex rel. Tate v. Bell, 22 A. 641 (Pa. 1891), in which the court interpreted a constitutional provision prohibiting persons convicted of perjury or bribery or other infamous crime from holding public office as follows: These words, "bribery, perjury," etc., were doubtless used in their plain and ordinary meaning, and without restriction, embracing both common-law and statutory offenses coming within the same designation. . . . In these circumstances, it can be concluded only that the Legislature had in mind a violation of a Ch. 838 bribery statute in providing a civil penalty for "bribery in connection with the employment" in s. 121.091(5)(f), supra. In sum: The officer-member was charged with and found guilty of "bribery" as denounced by s. 838.06, supra. And the offense as charged was related directly to his employment — not only in the description of the offense in the information filed against him, but also in the condition of probation ordered by the trial court that he reimburse the State of Florida for the money which he had unlawfully exacted or received as the consideration for using his official influence in the awarding of the construction contract. It necessarily follows that he must suffer the penalty provided by s. 121.091(5)(f), supra — the forfeiture of his retirement rights and benefits except the return of his accumulated contributions.