373 So.2d 933 (1979)
STATE of Florida, Appellant,
v.
John NAPOLI, Jr., Appellee.
No. 78-603.
District Court of Appeal of Florida, Fourth District.
June 27, 1979.
Rehearing Denied September 6, 1979.
Michael J. Satz, State's Atty., Seventeenth Judicial Circuit, and Patti Englander, Asst. State's Atty., Fort Lauderdale, for appellant.
Richard R. Kirsch and Mary S. Copeland, Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal from an order entered in a probation revocation proceeding granting John Napoli, Jr.'s motion to suppress a tape recorded conversation of an alleged attempted bribe made by Napoli on November 28, 1977, to Larry Dollar, an investigator for the state attorney's office, but whom Napoli believed to be a docket clerk for a circuit judge. While on probation, Napoli allegedly sought to bribe Dollar to secure an immediate hearing on his motion to mitigate sentence. The attempted bribe *934 formed the basis for a subsequent probation revocation proceeding.
Napoli met his work release counselor in the lobby of the courthouse in order to arrange a hearing on his pending motion to mitigate. The counselor, apparently based on previous overtures made to him by Napoli, introduced Dollar to Napoli as being the trial judge's docket clerk. Napoli then allegedly offered Dollar $200.00 if Dollar could arrange an immediate hearing on the motion to mitigate. Dollar subsequently secured a "body bug" and met Napoli again at which time Napoli allegedly repeated the bribe offer. This conversation was tape recorded and subsequently suppressed.
The trial court's order suppressing the use of the tape recorded evidence at Napoli's probation revocation hearing arising from the alleged bribe, rested on two grounds:
1. The tape was not properly safeguarded by the State in accordance with the provisions of Section 934.09(7)(a), (b), Florida Statutes (1977).
2. The alleged attempted bribe did not constitute a criminal act, so as to justify an interception under Section 934.03(2)(c).
Section 934.03(2)(c) provides:
It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
Section 934.09(7)(a), (b) provides:
The contents of any wire or oral communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device. The recording of the contents of any wire or oral recording of the contents of any wire or oral communication under this subsection shall be kept in such a way as will protect the recording from editing or other alterations. Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions. Custody of the recordings shall be wherever the judge orders. They shall not be destroyed except upon an order of the issuing or denying judge and in any event shall be kept for ten years. Duplicate recordings may be made for use or disclosure pursuant to the provisions of § 934.08(1) and (2) for investigations.
The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire or oral communication or evidence derived therefrom under § 934.08(3). (Emphasis supplied.)
The trial court applied the provisions of Sections 934.09(7)(a), (b) in requiring the state, even in conducting consent interceptions under Section 934.03(2)(c), to seal its tapes with the court. There is no indication in the record that the recordings were altered in any way. We believe that the custody and seal provisions of Section 934.09 apply only to intercepts made pursuant to court authorization. There are no similar requirements for consent interceptions authorized by Section 934.03(2)(c), for there is no judge controlling their applications. In a consent situation, the recorded conversation is merely a verification of the consenting party's testimony. If the legislature felt it proper to apply the custody and sealing requirements of court-authorized intercepts to consent intercepts it could have explicitly done so. Instead, we feel that the legislature recognized consent interceptions as an exception to the rule making interceptions unlawful unless conducted pursuant to judicial authorization. Valid consent interceptions are lawful and require no prior judicial authorization. All other interceptions must be judicially authorized and regulated and the contents thereof protected in accordance with the provisions of Section 934.09(7)(a), (b).
*935 Section 934.03(2)(e), Florida Statutes, requires that a consent interception must be for the purpose of obtaining evidence of a criminal act. The state grounded its decision to install a body bug on Larry Dollar on the basis of a purported violation of the bribery laws, Chapter 838, Florida Statutes (1977). In Florida, "bribery" has long comprehended and included the crime of attempted bribery. Coleman v. State, ex rel. Mitchell, 132 Fla. 845, 182 So. 627 (1931). As far back as 1915, our Supreme Court, while recognizing a conflict in the authorities, acknowledged that "In order to constitute the crime of bribery or an attempt to bribe, it would seem not to be a requisite that the act requested should be properly within the official power of the officer approached, but only that an offer of reward was made to influence the act of the officer in his official capacity." Brunson v. State, 70 Fla. 387, 70 So. 390 (1915); but also see Nell v. State, 277 So.2d 1 (Fla. 1973). Apparently in response to numerous strained judicial attempts to interpret this principle of law, the legislature enacted what is now Section 838.015, Florida Statutes (1977). Subsection (2) of 838.015 provides that prosecution under the bribery statute
... shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, or that he had assumed office, [or] that the matter was properly pending before him or might by law properly be brought before him, [or] that he possessed jurisdiction over the matter, or that his official action was necessary to achieve the person's purpose.
The statutory language is extremely broad, and apparently would include attempts to bribe the public servant involved here, an investigator for the state attorney's office, even though that public servant was represented to appellee as being involved in another capacity, and even though he could not have accomplished what appellee desired. Appellee having allegedly attempted what was apparently a criminal offense under Section 838.015, we believe interception of the oral communication was authorized.
Appellee also contends in his brief that the proof indicates he abandoned his attempt to commit the offense of bribery and that he did not possess the corrupt intent requisite to the commission of bribery. These two points are proper issues for consideration upon remand once a probation revocation hearing is held and need not be considered here.
Accordingly, the lower court's order is reversed and this cause is remanded for further proceedings consistent with this opinion.
BERANEK, J., and DAKAN, STEPHEN LEE, Associate Judge, concur.