JAMES BRUNSON, *Plaintiff in Error*, v. THE STATE OF
FLORIDA, *Defendant in Error*.

## Opinion filed Nov. 19, 1915.

1.  An information based upon Section 3476 of the General Stat-
    utes of Florida, charging the defendant with an attempt to
    bribe a deputy sheriff of Dade County to permit the defendant
    "to sell liquors unlawfully in Dade County, Florida, without
    interference from" such officer, is fatally defective in that it
    fails to allege that the defendant had attempted to bribe an
    official to permit the defendant to sell "spirituous, vinous or
    malt liquors in any county or precinct which has voted against
    the sale of such liquors, under the provisions of Article XIX
    of the Constitution of the State of Florida," without inter-
    ference from such officer.

2.  An indictment or information for bribery or attempted bribery
    must allege that something of value was given, promised, or
    received, though it is not necessary to insert a description of
    the thing offered, all that is essential being an allegation that
    it was of value.   An allegation that "a certain gift or gratuity,
    to-wit, money," was offered, without alleging that the money
    was of value, is insufficient.

3.  While it is the declared policy of the Legislature, as well as
    of this court, to uphold indictments and informations when-
    ever there has been a substantial compliance therein with
    the statutory requirements, this relates to matters of form,
    and not of substance.

Writ of error to Criminal Court  of Record, Dade
County; J. L. Billingsley, Judge.

Judgment reversed.

*Price & Eyles* and *P. L. Gaskins,* for Plaintiff in Er-
ror;

*T. F. West,* Attorney General, and *Glenn Terrell,* Assistant, for the State.

SHACKLEFORD, J.—An information was filed in the Criminal Court of Record for Dade County against James Brunson, which, omitting the caption, reads as follows:

*"In the Name and by the Authority of the State of Florida:*

James T. Saunders, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said county, under oath, information makes that James Brunson, laborer, late of the County of Dade and State of Florida, on the 24th day of April in the year of our Lord, one thousand nine hundred and fourteen, in the County and State aforesaid,

Did then and there corruptly offer and promise to one E. A. Nolan, a Deputy Sheriff of Dade County, Florida, duly appointed and qualified, a certain gift or gratuity, to-wit, money, with intent to influence the act of said E. A. Nolan, on a certain matter which might be by law brought before said E. A. Nolan, in his official capacity, to-wit: to influence the said E. A. Nolan to permit the said James Brunson to sell liquors unlawfully in Dade County, Florida, without interference from said E. A. Nolan in his official capacity, the said James Brunson then and there well knowing the said E. A. Nolan to be such Deputy Sheriff, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida.

James T. Sanders,<br>County Solicitor, Dade County, Florida."

The affidavit in the usual form of the county solicitor is appended thereto. The defendant unsuccessfully attacked this information by a motion to quash the same and thereupon filed his plea of not guilty. A trial was had before a jury, which resulted in the conviction of the defendant, and he was sentenced to confinement at hard labor for a period of two years in the State prison. After such conviction the defendant again questioned the sufficiency of the information by filing a motion in arrest of judgment, which was overruled. From this conviction and sentence the defendant seeks relief here.

The first assignment is based upon the overruling of the motion to quash the information, which is argued together with the tenth assignment, which questions the overruling of the motion in arrest of judgment. The motion to quash the information consists of eleven grounds, but we deem it unnecessary to set them forth. It is sufficient to say that they point out several defects and omissions alleged to exist in the information, which it is claimed vitiate the same. We shall treat such of these grounds as seem to be advisable. The information is founded upon Section 3476 of the General Statutes of Florida, which reads as follows:

"Whoever corruptly gives, offers or promises to any executive, legislative or judicial officer, after his election or appointment, either before or after he is qualified, or has taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment on any matter, question, cause or proceeding which may be then pending, or which may by law come or be brought before him in his official capacity, shall be punished by imprisonment in the State prison not exceeding

five years, or in the county jail not exceeding one year, or by fine not exceeding three thousand dollars."

We had occasion to consider this statute in Tillman v. State, 58 Fla. 113, 50 South. Rep. 675, 138 Amer. St. Rep. 100, 19 Ann. Cas. 91, which is cited and relied upon by the plaintiff in error as well as by the defendant in error. It is undoubtedly true, as we held therein, following prior decisions which are therein cited, that "It is the declared policy of the Legislature, as well as of this court, to uphold indictments and informations whenever there has been a substantial compliance therein with the statutory requirements." But it is clearly recognized that there must be a substantial compliance with the requirements of the statute upon which the information is based. We gave the substance of the two grounds of the information in the cited case which were upheld against a motion to quash. A comparison thereof with the information in the instant case will show such points of difference in material respects that the two cases cannot be said to be similar or even analogous. In the cited case the information charges that the defendant therein offered to the presiding judge of the court in which the case was being tried a bank check of the value of ten dollars for the purpose of inducing such judge to reconsider and modify and reduce the sentence and judgment which had been imposed upon the defendant. In the instant case the information does not allege that the defendant offered to the deputy sheriff of Dade county any gift or gratuity with intent to influence the action of such officer in any proceeding then pending, but only "on a certain matter which might be by law brought before" such officer. In the cited case the defendant had already been convicted of a crime and the presiding judge had the

power and authority to reconsider, modify and reduce the sentence which had been imposed, while in the instant case the information fails to allege that Dade county had voted dry so as to render it unlawful to sell intoxicating liquors therein, or that such officer had any power or authority to permit the defendant to sell intoxicating liquors therein, but only charges that the defendant offered such officer a gift or gratuity in money, without undertaking to specify the value thereof, with intent to influence such officer to permit the defendant to "sell liquors unlawfully in Dade County, Florida, without interference from" such officer. The statute does not make it unlawful to sell "liquors" in any county, but to sell "spirituous, vinous or malt liquors in any county or precinct which has voted against the sale of such liquors, under the provisions of Article XIX of the Constitution of the State of Florida." In order to constitute the crime of bribery or an attempt to bribe, it would seem not to be requisite that the act requested should be properly within the official power of the officer approached, but only that an offer of reward was made to influence the act of the officer in his official capacity, though there is some conflict in the authorities. See State v. Ellis, 33 N. J. Law, 102, 97 Amer. Dec. 707, and the note thereto appended; 3 Wharton's Criminal Law (11th ed.) §2214; People v. Jackson, 191 N. Y. 293, 84 N. E. Rep. 65, 14 Ann. Cas. 243, 15 L. R. A. (N. S.) 1173; 4 R. C. L. 183; State v. Potts, 78 Iowa 656, 43 N. W. Rep. 534, 5 L. R. A. 814. It would also seem to be settled law that the indictment or information must allege that something of value was given, promised or received, though it is not necessary to insert a description of the thing offered, all that is essential being an allegation that it was of value. See 4 R. C. L. 186,

and authorities cited in the notes, especially State v. Howard, 66 Minn. 309, 68 N. W. Rep. 1096, 61 Amer. St. Rep. 403, 34 L. R. A. 178. As is well said in 4 R. C. L. 186, "the simple allegation that the offer was a given sum of money is quite sufficient, as from it the court will draw the conclusion that it was of value, and it follows from this that a variance between the sum named in the indictment and that proved at the trial would not be material." See Value v. State, 84 Ark. 285, 105 S. W. Rep. 361, 13 Ann. Cas. 308. We would also refer to State v. Baller, 26 West Va. 90, 53 Amer. Rep. 66, for an interesting discussion as to the essential allegations in an indictment or information for the crime of bribery or an attempt to commit bribery. Also see 3 Ency. of Pl. & Pr. 696. As was said in State v. Howard, *supra,* concerning the Minnesota statutes relating to the upholding of indictments and information when there has been a substantial compliance with the statutory requirements therein, "These are wholesome and sensible provisions, which should be liberally construed, and indictments sustained where the objection is as to matters of form, and not of substance. But they were not intended to encourage laxity in criminal pleading in matters of substance, but simply to cure 'a disease of the law' resulting from the overnicety of courts and their lack of practical sense in giving effect to formal defects in indictments. The statute dispenses with mere formality and technicality, but the requirement that the indictment must be direct and certain as regards the offense, and the particular circumstances thereof, is imperative."

It follows from what we have said that we are of the opinion that the information is defective in failing to allege that the defendant offered the officer named therein

any gift or gratuity for permission to sell spirituous, vinous or malt liquors in a county or precinct that had voted against the sale of such liquors, and for the further reason that it failed to allege that the money or thing offered by the defendant to such officer to influence the act of such officer in the particular named was of any value. The motion to quash the information should have been granted, and for failure so to do the judgment must be reversed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.