BERT COLSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion filed March 1, 1916.

1. Section 3476 of the General Statutes of Florida prescribing punishment for the crime of bribery does not in the definition of the crime denounced include all the essential elements of such crime.

2. An information charging one with an offense under the provisions of Section 3476 of the General Statutes of Florida is fatally defective which charges that the offense was committed by offering to a juror a gift of money, and fails to allege knowledge on the part of the accused of the official character or capacity of the person to whom the bribe was offered and that the thing offered was of value.

Writ of Error to Criminal Court of Record, Hillsborough County; Lee J. Gibson, Judge.

Judgment reversed.

*Thos. Palmer, G. H. Cornelius* and *Dickenson & Dickenson,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—Bert Colson was convicted in the Criminal Court of Record for Hillsborough County upon an information charging him in four counts with "attempting to corrupt one E. E. Durham, who was then and there a juror in the Criminal Court of Record in and for Hillsborough County, Florida, by offering a gift of money to the said E. E. Durham, with the intent to influence the decision of the said E. E. Durham, in relation

to a certain cause pending in said court and set for trial on the 14th day of April, A. D. 1915, wherein the State of Florida was plaintiff and Byron Crandon, *alias* Byron Crandell, was defendant."

The information contained four counts: The first count charged the offense in the language above quoted; the second count charged the offense as having been committed by "promising a gift of money;" the third charged the defendant with "offering a gift of money to the said E. E. Durham with the intent to bias the opinion of the said E. E. Durham," etc., and the fourth count charged the defendant with promising a gift of money with the intent to bias the opinion of the juror.

The defendant by his attorneys moved the court to quash the information upon several grounds, the first of which was that the information charged the defendant with the commission of no crime or offense under the laws of the State, and fourth, that the information failed to allege that E. E. Durham was at the time of the alleged offer of a bribe a juror in any cause or matter pending in court.

This motion to quash the information was overruled, and the defendant placed on trial. The jury returned a verdict of "guilty as charged in the information," and to the judgment the defendant takes a writ of error.

The seventh and last assignment of error rests upon the order of the court overruling the defendant's motion to quash the information.

In the case of Brunson v. State, decided by this court in November, 1915, and reported in 70 South. Rep. 390, it was held that an indictment which charged the defendant with violating Section 3476 of the General Statutes of Florida against bribery, was defective which alleged that the defendant offered and promised the officer

named "a certain gift or gratuity, to-wit, money, with intent" etc., because the language used was not equivalent to an allegation that the money or thing offered by the defendant to the officer to influence his act was of any value.

The language in this information is, that the defendant attempted to commit the offense "by offering a gift of money" to the juror with intent, etc.

Section 3476 of the General Statutes of Florida defines the crime of bribery or offering a bribe to any legislative, executive or judicial officer by its legal result and does not contain all the essential elements of the crime. These essential elements are knowledge on the part of the accused of the official character or capacity of the person to whom the bribe is offered, the fact that the thing offered was something of value and that it was offered with the intent to influence the official action of the person to whom it was offered. 2 Bishop's Crim. Proc. 2nd ed.) §126; 3 Chitty's Crim. Law, 696; 4 R. C. L. p. 186.

The information in this case does not allege knowledge on the part of the defendant that E. E. Durham was a juror in the Criminal Court of Record for Hillsborough County, nor that the gift of money offered was a thing of value. It might also be well to point out here that the allegation that E. E. Durham "was then and there a juror in the Criminal Court of Record in and for Hillsborough County, Florida," does not exclude the idea that he was a talesman called one day to serve as a juror in a certain case who after the termination of that case would be discharged from further attendance upon the court and could therefore in no sense be considered as a juror of the court likely to be chosen to try the cause referred to upon the following day.

It follows, therefore, that the motion to quash the information should have been sustained.

The other assignments of error need not be discussed. The judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD and COCKRELL, JJ., concur.

WHITFIELD, J., absent on account of illness.