H. J. Streeter, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

En Banc.·

Opinion Filed May 15, 1925.

1. Where there is no basis in the record for assignments of error which attack the sufficiency of the information, such assignments will not be considered unless the information is wholly ineffectual to charge an offense under the laws.

2. An assignment of error is in the appellate court in the nature of a declaration. It performs the same office in the appellate court as a declaration in the court of original jurisdiction. It is an enumeration by the plaintiff in error of the errors alleged to have been committed by the court below in the trial of the case upon which a reversal of the judgment is sought.

3. Where the plaintiff in error fails to assign errors upon the record the writ of error may be dismissed except for good cause shown.

4. Defects in indictments and informations should be reached by a motion to quash, a demurrer or motion in arrest of judgment. Where the complaining party fails to avail himself of the two former methods of procedure and resorts to the latter, which is taken after verdict, the information or indictment will be given a liberal construction.

5. A motion for a new trial is not the method for attacking a defective information. Such a motion is designed for use only in attacking alleged errors committed *in pais* and not errors alleged to be apparent on the record.

6. The information which was prepared under Section 5346, Revised General Statutes, examined and found to be not wholly ineffectual to charge an offense under said section.

7. Where under Section 5346, Revised General Statutes, the defendant is charged with corruptly offering any gift or gra-

tuity with intention to influence an officer's action, vote, opinion, decision or judgment on any matter, question, cause or proceeding which may be then pending, or which may by law come or be brought before him in his official capacity and such matter is alleged to be a crime which had been committed by a third person, is not sustained by evidence which fails to show that no crime had been committed but the matter referred to in the information related only to an offense not yet committed but was in contemplation only.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Judgment reversed.

*Thos. W. McIlvain,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for Defendant in Error.

ELLIS, J.—The plaintiff in error was tried and convicted in the Criminal Court of Record of Duval County upon an information charging him with the offense of knowingly and corruptly attempting to bribe a duly qualified police officer of the City of Jacksonville by offering to give to the officer a sum of money to influence him in his official capacity as such police officer in a matter which was then before him in his official capacity.

The specific offer constituting the attempt to bribe the officer is alleged to be that the defendant Streeter offered to pay the officer one hundred dollars if he would fail to arrest one May Williams for a violation of the liquor laws.

There was no demurrer to the information, no motion to quash it, nor was there a motion in arrest of judgment.

The seventh ground of the motion for a new trial seeks to attack the information upon the ground that it is duplicitous. The ninth, tenth, eleventh, twelfth, thirteenth,

fourteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second and twenty-third assignments of error attack the information upon as many different grounds. They are all argued in the brief. But there is no basis in the record for such assignments. Unless the information is upon its face a mere *brutum fulmen*. A wholly ineffectual effort to charge an offense under the laws. An instrument so vague, indefinite, uncertain, inefficient in its terminology or phraseology as not only to mislead and embarrass the accused in the preparation of his defense, but to wholly fail by a liberal construction to charge any offense.

An assignment of error is in the appellate court in the nature of a declaration. It performs the same office in the appellate court as a declaration in the court of original jurisdiction. It is an enumeration by the plaintiff in error of the errors alleged to have been committed by the court below in the trial of the case upon which a reversal of the judgment is sought. 3 C. J. 1328; 2 Tidd's Prac. 1168.

Our statute, Section 2916, Revised General Statutes, 1920, requires an assignment of errors to be filed, and upon failure of the plaintiff in error to do so, the writ of error shall be dismissed except for good cause shown.

The function of an assignment of error is to point out the specific error claimed to have been committed by the court below, in order that the reviewing court and opposing counsel may see on what point the plaintiff in error intends to ask a reversal of the judgment and to limit discussion to such point.

Defects in indictments and informations should be reached by a motion to quash, a demurrer or motion in arrest of judgment. Where the complaining party fails to avail himself of the two former methods of procedure and resorts to the latter, which is taken after verdict, the information or indictment is given a liberal construction. The

reason for the rule being that defects in the information should be pointed out before the accused goes to trial upon the merits. That course makes for efficiency in the administration of justice, helps to expedite the business of the courts, aids the court to perform its duty. Whereas, to hold a point in reserve to be used at the end of a trial in the event of a conviction and then by a motion in arrest of judgment seek to unravel the entire proceeding and obtain a second chance at exoneration, makes for delay, inefficiency and expense in the administration of justice. Therefore where one pursues the latter course he is deemed to have waived all objections to the indictment or information except one which challenges its sufficiency to state a case by a liberal construction. See Clifton v. State, 76 Fla. 244, 79 South. Rep. 707; Studstill v. State, 83 Fla. 623, 92 South. Rep. 151; Meyers v. State, 84 Fla. 508, 94 South. Rep. 507; Adams v. State, 72 Fla. 32, 72 South. Rep. 473; Smith v. State, 72 Fla. 449, 73 South. Rep. 354.

How much more forceful is the reason for the rule where neither motion is made and the accused delays his attack upon the indictment until he reaches the appellate court?

Section 5346, Revised General Statutes, 1920, under which the information in this case was drawn, is as follows: "Whoever corruptly gives, offers or promises to any executive, legislative or judicial officer, after his election or appointment, either before or after he is qualified, or has taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment on any matter, question, cause or proceeding which may be then pending, or which may by law come or be brought before him in his official capacity, shall be punished by imprisonment in the State prison not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding three thousand dollars."

While the information may have been differently drawn, containing fuller details as to the elements constituting the offense denounced and more particularly describing the offense with which the woman was charged whose immunity from arrest was sought by the alleged attempt at bribery, it does not wholly fail to charge an offense where the words used are given a broad and liberal construction and all intendments are taken in its favor. A motion for a new trial is not the method for attacking a defective information. Such a motion is designed for use only in attacking alleged errors committed *in pais* and not errors alleged to be apparent on the record. So the assignments of error enumerated above are not sustained.

There are other assignments of error which attack the sufficiency of the evidence to support a conviction. These are assignments numbered fifteen, sixteen, twenty-five, twenty-six to thirty-six inclusive. The point presented is that the matter about which the alleged bribe was attempted was not one within the scope of any powers which could be exercised by the officer as such, in that he had neither a warrant for the arrest of the woman May Williams, nor any information concerning the violation of the liquor law by her which would justify her arrest by him without a warrant.

The evidence as contained in the bill of exceptions sustains that criticism of it. According to the testimony of the police officer the offer of the defendant related not to any offense that the woman had committed, but to one that she might commit during the Christmas holidays if immunity from arrest could be purchased by the accused. The officer had no warrant for the woman's arrest for a violation of the liquor laws, nor any information that she had violated such laws. The offer to bribe related to an offense not yet committed, but presumably in contemplation only. Therefore there was no matter, question, cause

or proceeding then pending concerning which the act, vote, opinion, decision or judgment of the officer could be influenced, as was alleged in the information.

But the evidence in this case wholly fails to sustain the allegation of the information that a crime had been committed by the woman, May Williams.

The judgment of the court is therefore reversed and a new trial ordered unless the State desires to enter a *nolle prosequi*.

WEST, C. J., AND WHITFIELD, BROWNE. TERRELL AND STRUM, J. J., concur.