PER CURIAM.
Before us for review by certiorari on certified question is the decision of the Third District Court of Appeal in State v. Greene, 247 So.2d 102 (3d DCA Fla. 1971), pursuant to Fla.Const. art. V, § 4(2), F.S.A.; Rule 4.5(c) (6) F.A.R., 32 F.S.A.
The question certified by the district court as one of great public interest is:
“Whether a part-time public officer who is a practising lawyer violates Section 838.06, Florida Statutes [F.S.A.], by accepting a fee from a private client when his services to that client could include rendering an opinion based on information gathered from the public records of the governmental body of which he is a member, the fee not being paid to influence the official actions of the public officer ?”
The question is answered in the negative.
*195 The facts are not in dispute. Petitioner, a practicing lawyer, was also a duly elected county commissioner of Dade County, Florida, which is a part-time public office. One Hyman Kirsner held an option to purchase a parcel of land in Dade County and retained petitioner as his attorney to represent him in connection with the proposed purchase. Kirsner’s principal problem was obtaining ingress and egress to what apparently was a land-locked parcel. After checking the matter, petitioner wrote his client and advised him not to exercise his option to purchase the property because of the doubtful access which was an essential factor to make the purchase attractive.
In carrying out his employment as attorney, the petitioner’s inquiry regarding access was actually in connection with neighboring property of the Merchandise Mart and did not involve any “official” inquiry undertaken as a county commissioner. Kirsner conceded that there was no agreement to advise him as to whether Dade County would provide an access road to the property. It was therefore a matter of information being determined and advice rendered — NOT a matter of petitioner bringing to bear any official influence to obtain — or to try to obtain — the desired access from Dade County. Nonetheless, the State viewed the transaction as a violation of Fla.Stat. § 838.06, F.S.A., of accepting unauthorized compensation, for determining whether an access road would be provided to the land, allegedly an “official duty” for which the law does not allow compensation to be accepted.
Petitioner was charged by information, based upon an earlier grand jury indictment, with violation of Fla.Stat. § 838.06, F.S.A., by accepting unauthorized compensation for performing an act, rule or regulation that he was required to perform, as a commissioner, in that petitioner did solicit and accept $1,000 to advise Kirsner “as to whether the public works department of Metropolitan Dade County, Florida, was to provide an access road for a parcel of land. . . . ”[1] Upon the undisputed facts, on motion to dismiss under Cr. Rule 1.190, 33 F.S.A., the motion was granted, finding that this factual situation fails to state a crime under the provisions of Fla.Stat. § 838.06, F.S.A., as charged. We agree.
The opinion of the district court in reversing the trial judge recited that the violation charged was that certain information was within the power, duty and discretion of the petitioner-commissioner to determine as an official, so that he received unauthorized compensation by being paid once by the public and once by Kirs-ner for the same act. The fact that such information (although it turns out that there was really no showing as to how the county might have provided access to this land-locked property) may have been available to the commissioner (had he made “official” inquiry) is not to say vis a vis, (1) that he did in fact inquire in an official capacity as to such information, nor (2) that he provided such information officially obtained to his client, if he did so obtain it. Any information regarding public works and rights of way was not confidential ; it was available to anyone exercising the energy to look it up on the records. The State simply contends, “It was within his power and duty to obtain the information.” In this we reach a plateau of speculation which will not undergird the accusation.
We quote from the State’s brief:
“The power bestowed upon Commissioner Greene by Subsections (20) and (1) to inquire as to whether an access road was to be provided for the parcel of land in question, or to vote for the provision of such access road, existed for the benefit of Hyman Kirsner and the remaining citizens of Dade County. Therefore, Commissioner Greene was required to exercise that power, without special compensation.”
*196 This curious contention answers in its absurdity the question posed: whether the petitioner is without guilt.
Election to public office does not make one the private servant of all inquiring citizens. Neither does a part-time public official in the exercise of his public' service abandon the exercise of his professional skills by which he makes a livelihood, so long as the exercise of such skills do not transgress the public trust and his public duty within his office. Here it does not. The incidental fact that such public records are more easily found by one skilled in the profession does not render the public servant guilty of a violation of his duty merely by the fact that he could also inquire into such records if he needed to know personally in regard to informing himself on matters within his orbit of public responsibility. Such a sacrifice of his private endeavors is not required, keeping in mind always that he does not cross over into the area of providing confidential information to a client for which he collects a fee. Such is not the case here. The language of the district court opinion suggests that no inquiry by the public official can be separated from his official position, even though he is solely pursuing his private profession. We do not so view the matter under the limitations above outlined.
There was no “official” action either promised or undertaken by the defendant nor any agreement to advise regarding any role that the county might play regarding an access road. Petitioner’s real inquiry for his client was regarding any available access in connection with neighboring property owned by a private enterprise, the Merchandise Mart. It was nothing more than could have been done by any other lawyer in advising a client in this regard. Petitioner’s capacity as commissioner was simply not involved under the facts here. A part-time public official who is a lawyer should be placed in no worse position than any other lawyer to provide the services sought by his client, again so long as there is no official connection with his duties as commissioner, as emphasized above. Citizens’ participation in government is vital and it is important that able and qualified persons be encouraged to hold part-time public positions where the compensation is limited for the public benefit and not expected as full-time pay to such officials who are willing so to serve. We should not discourage those who are willing to do so by curtailing their livelihoods should they accept.
It is not contended nor charged that petitioner acted under his outlined duties as a commissioner regarding investigations of county affairs, records or reports, as by requiring such information from county employees or requiring the production of reports. There is no charge that defendant agreed to provide a road to this property nor to vote for a provision for one, nor to work for the accomplishment of it, but merely to obtain the information which he might glean upon investigation.[2] This, and nothing more, he did. The facts sustain nothing more and constitute no basis for an illegal offense under the statute, so that the trial judge’s action in the nature of a “summary judgment” on undisputed facts under Cr. Rule 3.190 (formerly Cr. Rule 1.190) was a cor *197 rect disposition of the case which we hereby affirm.
The certified question having been answered in the negative, the decision of the Third District Court of Appeal is quashed with directions to reinstate the order and judgment of the trial court dismissing all charges against the petitioner.
It is so ordered.
ROBERTS, C. J., and ADKINS, BOYD and DEKLE, JJ., concur.
McCAIN, J., dissents with opinion.

. This appears to be a case of first impression under § 838.06.

. The particular subsections referred to in the Information as being violated, provided that the powers of the Board of County Commissioners shall include the power to: “1. Provide and regulate arterial, toll, and other roads, bridges, tunnels, and related facilities; eliminate grade crossings; provide and regulate parking facilities, and develop and enforce master plans for the control of traffie and parking. . . . 20. Make investigations of county affairs, inquire into the conduct, accounts, records, and transactions of any department or office of the county, and for these purposes require reports from all county officers and employees, subpoena witnesses, administer oaths, and require the production of records.” Metro Dade Charter § 1.01(A).