MANN, Judge.
A labor union owned several acres of land in Collier County on which it planned a recreational facility for its members. Work was begun on a man-made lake, then stopped at the request of the County Commissioners, who then allowed the project to proceed when it appeared that dredging the lake without a permit was not unlawful. Later, the union sought to connect the lake to Henderson Creek, which flows into the Gulf of Mexico. It sought a permit, thought at the time by all parties to be required by a county ordinance which forbade crossing a “salinity line” established to protect fresh water on the landward side from the intrusion of salt water. Appellants Nell and Gargiulo appeared at a Commission meeting, where Nell asked for a permit. It was not clear whether the commissioners would issue it. Through the brother of appellant Wells, Commissioner Hancock was approached with the information that it would be worth a thousand dollars to get the job done.
Hancock notified the sheriff, who provided a pocket transmitter. Two meetings were held with the appellant Nell at a local restaurant, at the second of which appellant Gargiulo was present. Gargiulo went to the rest room, leaving an envelope on the seat next to Hancock, asking him to watch it for him. Nell told Hancock that the “stuff” was in the envelope. Hancock took the envelope and put it in his pocket, a signal to the sheriff and his deputy, waiting in the restaurant, who thereupon arrested Nell and Gargiulo. Wells was arrested later. All were charged with, and convicted of, bribery.
The major argument on this appeal is that no permit was needed because the defendants did not propose to cross the salinity line, but rather to dig parallel to it into Henderson Creek. On cross-examination, Hancock, who is not a lawyer, said that no permit was necessary, to the best of his knowledge. The county attorney testified that the purpose and meaning of the ordinance was to preclude the introduction of salt water into reservoirs of fresh water landward of the salinity line — certainly a logical notion — regardless whether the canal were dug across the line itself or connected fresh water landward of the line to the salt water of Henderson Creek. We think it unnecessary to interpret the ordinance, and we hold that the trial judge correctly refused to charge the jury that this was the pivotal question.
In fairness to our Chief, we must say that our Supreme Court has accepted weaker arguments than this as defenses to the charge of bribery. In Brunson v. State, 1915, 70 Fla. 387, 70 So. 390, a conviction was reversed because the defendant had been charged with bribing someone to permit him to “sell liquors unlawfully in Dade county, Florida”, without alleging that Dade County was dry. The statute made it unlawful to “sell spirituous, vinous or malt liquors in any county or precinct which has voted against the sale of such liquors . . .” The Court did go on to say, pertinent to the instant case, that “In order to constitute the crime of bribery or an attempt to bribe, it would seem not to be requisite that the act requested should be properly within the official power of the officer approached, but only that an offer of reward was made to influence the act of the officer in his official capacity, though there is some conflict in the authorities.” That paragraph itself is none too clear.
In Colson v. State, 1916, 71 Fla. 267, 71 So. 277, a conviction for bribery was reversed because the information, charging the defendant with offering “a gift of money” failed to allege that the gift of money offered was a “thing of value” and because the allegation that Durham, the person offered the money, “ ‘was then and there a juror in the Criminal Court of Record in and for Hillsborough county, Florida,’ does not exclude the idea that he was a tales-man called one day to serve as a juror in a certain case who after the termination of that case would be discharged from further *406 attendance upon the court and could therefore in no sense be considered as a juror of the court likely to be chosen to try the cause referred to upon the following day.”
In Streeter v. State, 1925, 89 Fla. 400, 104 So. 858, Streeter was charged with offering an officer one hundred dollars “if he would fail to arrest one May Williams for a violation of the liquor laws.” The information was sustained, since “it does not wholly fail to charge an offense where the words used are given a broad and liberal construction and all intendments are taken in its favor.” Cf. Brunson and Col-son, supra,. But the evidence was held not to sustain a conviction. “The point presented is that the matter about which the alleged bribe was attempted was not one within the scope of any powers which could be exercised by the officer as such, in that he had neither a warrant for the arrest of the woman May Williams, nor any information concerning the violation of the liquor law by her which would justify her arrest by him without a warrant.”
We think Streeter completely misses the mark and is not the law of Florida today. Payment in advance does not absolve one with corrupt intent of the crime of bribery. Here, whichever way a court might have ruled on the applicability of Collier County’s ordinance to the particular circumstances of this case if the question were presented — -and the courts were open to its presentation — the activity of the defendants in giving money to accomplish their purpose constitutes the crime of bribery as defined by our statute [1] and as generally understood.[2]
Streeter was distinguished in Zalla v. State, Fla.1952, 61 So.2d 649, in which a conviction of bribery was upheld. The Court there stated that in Streeter, “It was held that there was a variance between the allegata and probata. Thus, that case has no bearing on the present argument.” In its discussion of the law of bribery the Court on that later occasion got to the point which undergirds our decision here:
“The gist of the offense of ‘attempted bribery’ is the criminal intent to undermine the proper and orderly administration of justice. The law punishes an offer which is calculated to debase. The corpus delicti is the corrupt intent.”
Zalla represents a break away from the hypertechnicality of such cases as Brunson, Colson, Streeter, and Coleman v. State ex rel Mitchell, 1938, 132 Fla. 845, 182 So. 627. In Raines v. State, Fla.1953, 65 So.2d 558, our Supreme Court rejected the contention that the defendant was without power to accomplish the purpose of the one offering money because the defendant was but one member of a board, and was hence powerless to issue a license. There the *407 Court stated that the “rule seems to be well settled that an officer cannot be charged and convicted of an act that is entirely outside the scope of his legal duties. This court is committed to the doctrine that anyone who corruptly offers, gives, or receives anything of value to influence the receiver’s official action, is guilty of bribery.”
The word “entirely” is too often ignored. Bribery cases should not be tried on the nuances of actual 'authority, nor should those guilty be freed because it may later appear that what was sought to be accomplished corruptly may have been accomplished without the aid of the official involved. The key point is that whenever an act is within the apparent scope of duty of the person sought to be bribed, bribery occurs upon the corrupt offer, and it is not defended against by focusing the trial on the issue of alternative means of accomplishment for which the aid of the receiver is not needed. Here the county commission clearly regulates the matter of dredging. The defendants believed that the permit was required by the ordinance, and they sought its issuance. The ordinance itself has not been judicially construed, and if it were necessary to do so, it could be argued that the permit was required in order to link a fresh-water pond to salt water by extending it to a salt-water creek which itself crosses the salinity line.
We concede that the cases are in disarray, but Zalla persuades us that the crime has been proved here. If we are in error, and our Supreme Court should indeed choose to return to earlier “law” which we cannot in good conscience accept as binding today, it has jurisdiction to determine the matter on conflict certiorari. Fla.Const. Art. V, § 4, F.S.A. If Zalla does not by necessary implication overrule its unsound precursors we would be disappointed, but thereafter would leave the matter in legislative hands.
In bribery cases skillful counsel will direct attention away from the substance of the crime and toward so-called principles wljich seem to exonerate their clients. We judges must be sensitive to the obvious fact that our predecessors have on occasion applied black letter “principle” without regard to the historical basis for the verbal formulation of the “principle” and in doing so have made some bad law. Furthermore, textual “authorities” have cited Florida cases as authority for the proposition that bribery is not proved where there is some weakness in the proof of power to accomplish fully the offeror’s purpose.[3] We think the sound principle is expressed well in Annot., 158 A.L.R. 323 at 324:
“Under statutes predicating bribery and kindred offenses upon an effort to influence an official’s conduct which delineate that term as comprising ‘official action’ or his vote, opinion, judgment, action, etc., in connection with affairs which are pending or may come before him, the cases seem reasonably harmonious in recognizing the existence of a minimum implied limitation that a particular act concerning which it is sought to influence him must be within the scope of the subject matter by which his general official duty is bounded and to which it can relate, ostensibly, at least, in character and substance, and permit classification upon the basis of whether the act inherently is so related to his official duty as to be within its general or apparent scope, without reference to a present obligation to perform or refrain from performing it or even to the necessity or propriety of performance.”
The question whether a permit was, as a matter of law, required in the instant case seems irrelevant to the issue in this bribery prosecution. All the testimony is to the effect that the union was interested in getting “the job done.” This purpose might be accomplished quite as well by the Commission’s finding that a permit was unnec *408 essary as' by the issuance of a permit. The artificial lake was dug without a permit after activity had stopped as a result of the Board’s request, for example. There is no suggestion of impropriety at that point, but the example remains valid. The point is, whether a permit was issued or determined to be unnecessary, the matter was well related to, and within, the scope of the duties of Hancock as one of the commissioners.
A Pennsylvania court said in 1933 that “It is just as great a crime to bribe, or offer to bribe, a member of the Legislature to vote for or against an unconstitutional measure as it is corruptly to influence him to vote for or against a constitutional one.” [4] The New York Court of Appeals said “The law does not protect a corrupt judge because he exceeds his powers, and his action is colorable merely. It does not mind whether, when accepting a bribe to do an act apparently within his jurisdiction, he actually had jurisdiction.”[5] Contrast Streeter, the main reliance of Chief Judge Pierce’s dissent, with this statement from People v. Markham, 1883, 64 Cal. 157, 30 P. 620, at 621:
“. . . when a police officer receives money in consideration of his promise that he will not arrest any one of a class of offenders against the criminal laws, he is guilty of receiving a bribe, because the case of one who has committed the offense, and the consequent duty of the officer to arrest, is ‘a matter which may be brought before him in his official capacity.’ ”
We think that is sound law and that Streeter is not. Our view that Zalla has by implication overruled Streeter is admittedly weakened by the excessive delicacy with which the opinion of Judge White, a learned circuit judge, treated the precedents of the court on which he sat but temporarily. We think that in the case before us the question of permission to dig a canal was one within the general province of the County Commission and that an attempt to secure permission through the payment of a bribe was punishable regardless whether permission was legally necessary.
This case is illustrative of the tendency we have taken notice of in State v. Holmes, Fla.App.2d 1971, 256 So.2d 32. There we remarked that the recent trend toward safeguarding the rights of accused persons has been accompanied by a marked, and, we think too little recognized, trend away from the reversal of convictions on purely technical grounds. We would not have concurred had we sat on Streeter, Brunson or Colson, supra. We would agree with our brother Pierce that these decisions have not been specifically disapproved. We are convinced that they have been impliedly overruled,[6] and that we state herein the law of Florida as it presently stands. Substantive justice has come to take precedence over an excessive technicality. We may remember with fleeting nostalgia the day when cases were won by an advocate’s skill. Our stronger impulse is to welcome the new day in which the guilt of the accused and the fairness of the procedure through which he is convicted determine the outcome of the case. Nothing sustains this appeal except an excessively technical argument, devoid of the slightest suggestion of injustice, and some old cases which ought to be expressly disavowed by the Supreme Court of Florida.
We have examined the other questions presented and find nothing meriting discussion.
Affirmed.
*409 McNULTY, J., concurs.
PIERCE, C. J., dissents with opinion.

. Fla.Stat. § 838.011 (1969) : Any person who shall corruptly give, offer or promise to any public officer, agent, servant or employee, after the election or appointment or employment of such public officer, agent, servant or employee and either before or after he shall have been qualified or shall take his seat, any commission, gift, gratuity, money, property or other valuable thing, or to do any act beneficial to such public officer, agent, servant or employee or another, with the intent or purpose to influence the act, vote, opinion, decision, judgment or behavior of such public officer, agent, servant or employee on any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity, or with the intent or purpose to influence any act or omission relating to any public duty of such public officer, agent, servant or employee, or with the intent or purpose to cause or induce such public officer, agent, servant or employee to use or exert or to procure the use or exertion of any influence upon or with any other public officer, agent, servant or employee in relation to any matter, question, cause or proceeding that may be pending or may by law be brought before such other public officer, agent, employee or servant, shall be guilty of the crime of bribery.

. See 3 Wharton’s Criminal Law and Procedure, § 1389 ; 12 Am.Jur.2d Bribery, § 13; Annot. 121 A.L.R. 951; Perkins, Criminal Law, 405 (1957).

. See, e. g., 8 Am.Jur., Bribery, § 14; Annot. 158 A.L.R. 323, 327.

. Commonwealth v. O’Brien, 1933, 107 Pa. Super. 569, 164 A. 360, 363.

. People v. Jackson, 1908, 191 N.Y. 293, 84 N.E. 65, 67.

. It is important to note that the cases cited in Raines v. State, Fla.1953, 65 So.2d 558, at page 560, support the view taken in his opinion rather than the narrowly technical view taken in Streeter, Brunson and Colson.