277 So.2d 1 (1973)
Richard NELL et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 42833.
Supreme Court of Florida.
April 11, 1973.
*2 Joseph A. Varon, Varon, Stahl & Kay, Hollywood, for petitioners.
Robert L. Shevin, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
This cause is before this Court on certiorari granted to review the decision of the District Court of Appeal, Second District, in Nell et al. v. State of Florida, reported at 266 So.2d 404, Fla.App., which purportedly conflicts with the decisions of this Court in Streeter v. State, 89 Fla. 400, 104 So. 858 (1925), Brunson v. State, 70 Fla. 387, 70 So. 390 (1915), Colson v. State, 71 Fla. 267, 71 So. 277 (1916), and Raines v. State, 65 So.2d 558 (Fla. 1953). We have considered the cases cited for conflict and have determined that we have jurisdiction pursuant to Article V, § 3(b)(3), Florida Constitution, F.S.A. (1973).
Petitioners were informed against, tried before a jury, and convicted of bribery as set forth in Section 838.011, Florida Statutes, (1969) F.S.A.[1]
Upon appeal, the District Court of Appeal, Second District, affirmed the conviction in a lengthy decision directed solely to the question of whether an alleged bribe must involve a service within the scope of an official's duty in order to constitute a statutory violation. The majority decision was supported by two Judges, but there was a comprehensive dissenting opinion opining that bribery under Section 838.011 occurs upon the corrupt offer to a public officer only when the object sought to be accomplished comes within the scope of the official's public capacity or duty.
The record indicates that a labor union, namely the Operating Engineers Union, was the owner of approximately fourteen acres of land in Collier County, south of *3 Naples, abutting a creek known as Henderson Creek off of the Isle of Capri Road. On this land the union planned to develop a recreational facility for its members. The union began to dig a lake on the property, but stopped at the request of the County Commission, who subsequently allowed the project to continue when it appeared that dredging the lake without a permit was not unlawful. Later, the union sought to dig a canal from the lake on their land to Henderson Creek which would not cross the salinity line. The salinity line is the line landward of which no sea level canal can be dug and prevents the salt water from invading the fresh water.
There was in effect in Collier County a County Ordinance No. 70-2 which established a salinity line and which provided in pertinent part as follows:
"It shall be unlawful for any person, group, corporation or other entity of any kind to make, dig or construct any canal or other excavation of any kind across and landward of the salinity line above described, which canal or excavation is connected to, extends into or is a part of any body of salt water or sea water without first obtaining a written permit to do so from the Board of County Commissioners."
On April 21, 1970, Petitioner, Wells met with one Hancock, a County Commissioner of Collier County, at the property owned by the union. At the site Petitioner Wells, pointed out to Hancock on a survey of the land where the lake had been dug and where the union desired to dig the canal from the lake to Henderson Creek landward of the salinity line. The same morning Petitioners, Nell and Wells, appeared at a meeting of the Board of County Commissioners where they made a request to dig a canal from the Henderson Creek area landward of the salinity line. Relative to the request of Petitioners, Nell and Wells, Hancock read into the transcript of testimony the following excerpts from the minutes of this County Commission meeting,
"Mr. Richard Nell and Tommy Wells of the Operating Engineers Union Local No. 675 appeared before the board requesting permission to dig in the Henderson Creek area landward of the salinity line. After due discussion, the board requested them to provide maps of the area with the proposed digging to be distributed to each board member for their perusal and to the environmental committee for their recommendations."
As explained by Hancock, the procedure for getting a permit under Ordinance No. 70-2 would require application for the permit to be submitted to the County Engineers who would make recommendation to the Board of County Commissioners who would consider the application in the ordinary course of business of the Commission. No application had ever been submitted to the County Engineer or to the Commission by the union or by any of the Petitioners on behalf of the union for the issuance of a permit for the digging of a canal from the lake on the union's land to Henderson Creek.
Any requests for the digging of a canal limited the digging to behind the salinity line, landward of such line.
Commissioner Hancock testified that there was no request to move the salinity line and that since the canal would not cross the salinity line a permit was unnecessary.
The basis of this prosecution of Petitioners for violation of Section 838.011, Florida Statutes, F.S.A., was that Petitioners, who were members of the aforestated labor union gave one of the County Commissioners, A.C. Hancock, $1,000.00 to influence the granting of a permit to dig a canal.
In its decision affirming the convictions of Petitioners, the District Court determined that the question whether a permit was required in the instant case was irrelevant *4 to the issue in this bribery prosecution since, it opined,
"Bribery cases should not be tried on the nuances of actual authority, nor should those guilty be freed because it may later appear that what was sought to be accomplished corruptly may have been accomplished without the aid of the official involved. The key point is that whenever an act is within the apparent scope of duty of the person sought to be bribed, bribery occurs upon the corrupt offer, and it is not defended against by focusing the trial on the issue of alternative means of accomplishment for which the aid of the receiver is not needed. Here the county commission clearly regulated the matter of dredging. The defendants believed that the permit was required by the ordinance, and they sought its issuance."
The District Court specifically announced that its decision was not in accord with the past decisions of this Court in Streeter v. State, supra, Brunson v. State, supra, Colson v. State, supra. This Court in those cases subscribed to the doctrine that in order for one to be convicted under the Bribery Statute the matter sought to be influenced must be within the scope of an officer's legal duties.
The issue to be decided in this cause is whether our Bribery Statute covers all actions of a public official, or whether it encompasses only those actions that are within his power to decide  actions within his "official capacity".
Our Legislature abrogated the common law in relation to the crime of bribery or attempted bribery by enacting statutes applicable thereto. Statutes in derogation of the common law and penal statutes should be strictly construed and if there is any doubt as to their meaning, the court should resolve the doubt in favor of the citizen. State v. Coleman, 131 Fla. 892, 180 So. 357 (1938). To charge one with an offense defined by statute, the accused must be plainly and unmistakably placed within the criminal statute and all reasonable doubts are resolved in his favor. Gibbs v. Mayo, 81 So.2d 739, 740 (Fla. 1955), Catanese v. State, 251 So.2d 572 (Fla.App. 1971).
Section 838.011, Florida Statutes, F.S.A., provides that,
"Any person who shall corruptly give, offer or promise to any public officer ... any commission, gift, gratuity, money, property, or other valuable thing ... with the intent or purpose to influence the act, vote, opinion, decision, judgment or behavior of such public officer ... on any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity, or with the intent or purpose to influence any act or omission relating to any public duty of such public officer ... or with the intent or purpose to cause or induce such public officer, agent, servant or employee to use or exert or to procure the use or exertion of any influence upon or with any other public officer, agent, servant or employee in relation to any matter, question, cause or proceeding that may be pending or may by law be brought before such other public officer, agent, employee or servant, shall be guilty of the crime of bribery."
The formal accusation made against Petitioners followed the proscription of the statute with the express charge that Petitioners,
"did corruptly give, offer or promise to a public officer, having knowledge of said public officer's official capacity, to-wit: A.C. Hancock, a County Commissioner of Collier County, State of Florida, the sum of $1,000.00 good and lawful money of the United States of America, with the intent or purpose to influence the act, vote, opinion, decision, judgment or behavior of A.C. Hancock, on a matter, question, cause or proceeding which may be pending before him in his official *5 capacity as a County Commissioner, or may by law be brought before him in his public capacity as a County Commissioner, such matter, question, cause or proceeding, concerning the salinity line in Collier County."
The elements of the offense of bribery are as follows: (1) knowledge on the part of the accused of the official capacity of the person to whom the bribe is offered, (2) the offering of a thing of value, and (3) the intent to influence the official action of the person to whom the bribe is offered. Azrak v. State, 183 So.2d 712, (Fla.App. 1966), Brunson v. State, supra, Colson v. State, supra.
This last element with which we are now primarly concerned has been given a definite interpretation by this Court. See Brunson v. State, supra, Colson v. State, supra, Streeter v. State, supra, Raines v. State, supra. In the case sub judice the District Court of Appeal erred in receding from the previous decisions of this Court relative to what is meant by "official action" or "actions within official capacity".
In Raines v. State, 65 So.2d 558, 560 (Fla. 1953), this Court, although reversing Defendant Raines' conviction for bribery on another ground, reiterated the applicable law in bribery cases to be as follows:
"The rule seems to be well settled that an officer cannot be charged and convicted of an act that is entirely outside the scope of his legal duties. This court is committed to the doctrine that any one who corruptly offers, gives or receives anything of value to influence the receiver's official action, is guilty of bribery."
Also see 115 A.L.R. 1263, 8 Am.Jur. Bribery, p. 895.
Brunson v. State, supra, involved a situation wherein Defendant was charged with having bribed a deputy sheriff in Dade County, Florida, to permit him to sell liquor unlawfully. The information failed to allege that Dade County had voted dry, so as to render it unlawful to sell intoxicating liquors therein. The statute did not make it unlawful to sell liquors in any county, but proscribed the sale thereof in any county which had voted dry. This Court stated in pertinent part,
"In order to constitute the crime of bribery or an attempt to bribe, it would seem not to be requisite that the act requested should be properly within the official power of the officer approached, but only that an offer of reward was made to influence the act of the officer in his official capacity, though there is some conflict in the authorities."
The Defendant in Colson v. State, supra, was convicted of attempting to bribe a juror who was a member of a prospective jury panel. The juror, one Durham, was on the prospective panel and not on the particular case in which Colson was charged with having attempted to influence the decision of the juror. In reversing Defendant's conviction, this Court set out the elements of bribery to be as abovestated and then pointed out that the juror Durham was a talesman called one day to serve as a juror in a certain case, who after determination of that case would be discharged from further attendance upon the court and could in no sense be considered as a juror of the court likely to be chosen to try the cause. Therefore, he would not have had the matter of guilt or innocence within his official capacity as a juror.
In Streeter v. State, supra, Defendant was tried and convicted upon an information charging him with the offense of knowingly and corruptly attempting to bribe a duly qualified police officer of the City of Jacksonville, by offering to give to the officer a sum of money to influence him in his official capacity as such police officer in a matter which was then before him in his official capacity. Specifically, the offer constituting the attempt to bribe was that Streeter offered to pay the officer *6 $100 if he would fail to arrest one May Williams for violation of the liquor laws. This offer to bribe related to an offense not yet committed, but presumably in contemplation only. Reversing the judgment of conviction, this Court declared,
"The point presented is that the matter, about which the alleged bribe was attempted, was not one within the scope of any powers which could be exercised by the officer as such, in that he had neither a warrant for the arrest of the woman, May Williams, nor any information concerning the violation of the liquor law by her which would justify her arrest by him without a warrant.
The evidence, as contained in the bill of exceptions, sustains that criticism of it. According to the testimony of the police officer, the offer of the defendant related, not to any offense that the woman had committed, but to one that she might commit during the Christmas holidays, if immunity from arrest could be purchased by the accused. The officer had no warrant for the woman's arrest for a violation of the liquor laws nor any information that she had violated such laws. The offer to bribe related to an offense not yet committed, but presumably in contemplation only. Therefore there was no matter, question, cause, or proceeding then pending concerning which the act, vote, opinion, decision, or judgment of the officer could be influenced, as was alleged in the information."
The Second District Court in the instant case erroneously explicated that this Court's decision in Zalla v. State, Fla., 61 So.2d 649, overruled the aforecited earlier decision of this Court. Therein, this Court determined that an information charging defendant with offering to bribe certain police officers to influence the police officers to permit the Defendant to sell "Bolita and Cuba" unlawfully without interference of the police officers in their official capacities, was sufficient; that the fact that the police officers had arrested defendant on previous occasions would be evidence of motive and intent to offer a bribe.
Defendant in Azrak v. State, supra, was the subject of an investigation initiated by certain prosecution officials; approached the deputy sheriff who was assigned to investigate the numerous complaints received against Defendants; and offered to purchase from the deputy sheriff a list of the complainants. The issue presented was whether or not the purchase of the list of complainants constituted a matter which would come before the deputy sheriff in his official capacity. In reversing the conviction, the appellate court held that there was no relationship between the duty imposed by law upon the sheriff to investigate Azrak, and the sale of the list of complainants to him.
Adhering to the doctrine that in order for one to be convicted under the Bribery Statute the matter sought to be influenced must be within the scope of an officer's legal duties, the First District Court of Appeal in Smith v. State, Fla.App., 253 So.2d 465, reversed Defendant's conviction of bribery and ordered Defendant discharged because the evidence conclusively showed that at the time the money was paid by the State's witness, to Defendant, a member of the City Council of the City of Jacksonville, Florida, there were no questions or acts or opinions pending before the Defendant to be acted upon or influenced by him or his vote.
Recently in Greene v. State, 263 So.2d 194 (Fla. 1972), this Court reiterated the principle that in order to be convicted under the Bribery Statute the action sought to be influenced must be within the official duties of the official. Therein, this Court quashed a decision of the Third District Court of Appeal, and directed a dismissal of all charges against Greene. Greene was a County Commissioner as well as a practicing attorney and was charged by information with violation of the Bribery Statute, more specifically with violation of § *7 838.06, Florida Statutes, F.S.A., which relates to the acceptance of unauthorized compensation for an official duty. This Court held that there was no official action either promised or undertaken by Greene which came in the purview of his duties as commissioner. See also Younghans v. State, Fla.App., 97 So.2d 31. This Court subscribed to the doctrine that to be convicted of bribery under the language of the Bribery Statute the matter sought to influence must be within the official capacity of a public officer.
The Salinity Line Ordinance has never been construed. Upon appeal to the District Court, Petitioners' major argument was that no permit was needed because the Petitioners did not propose to cross the salinity line, but rather to dig parallel into Henderson Creek. On cross-examination Hancock testified that no permit was necessary to the best of his knowledge. William Barton, a professional civil engineer, whose work relates primarily to the development of subdivisions, drainage, street construction and utilities and who was very familiar with the Salinity Line Ordinance testified that under Ordinance Section 3, a permit was not needed to dig a canal if all the digging was on the landward side of the salinity line. All requests of Petitioners to dig a canal were limited to digging only on the landward side of the salinity line.
The purpose of the ordinance is to prohibit construction of a waterway across the salinity line. The District Court erroneously held that it was unnecessary to interpret the ordinance. Whether or not a permit was required pursuant to the ordinance and thus a determination as to whether there was a matter, question, cause, or proceeding then pending concerning which the act, vote, opinion, decision or judgment of Commissioner Hancock could be influenced, was the pivotal question in this cause, the question determinative of Petitioner's guilt.
Since from the record, it is apparent that no permit was required under the Ordinance and no formal application for permit had been filed, there was no matter, question, cause or proceeding then pending concerning which the act, vote, opinion, decision, or judgment of Commissioner Hancock could be influenced. As aforestated the charge against Petitioner being strictly statutory, the facts must come within the purview of the statute and all reasonable doubts to their meaning must be resolved in favor of the Petitioners.
Accordingly, the decision sub judice is quashed, and returned to the District Court with instructions to remand to the trial court with directions to discharge the Petitioners.
It is so ordered.
CARLTON, C.J., and ADKINS, McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents with Opinion.
ERVIN, J., dissents and concurs with BOYD, J.
BOYD, Justice (dissenting).
I must dissent. The record reveals that a controversy existed as to whether the defendants actually needed to secure a County Commission permit in order to dig the canal in question. The work was, in fact, stopped temporarily at the request of the Commission. Even if there was no lawful authority to permanently stop the project, if the Commission ordered the owners to abandon it, the owners would have suffered damages while establishing their rights in court. Faced with such a possibility, the owners apparently felt it was better to bribe than to fight. Thus, even assuming no permit was needed, there was still a clear violation of the Florida Statutes on bribery.
*8 In Brunson v. State,[1] cited by the majority, the basis for reversal was the technical insufficiency of the charges against a deputy sheriff. The failure to allege that the money paid in the bribe was something of value, and the failure to state that Dade County was a dry county, were held to be fatal defects, requiring that the State's information be quashed.
In Colson v. State,[2] cited by the majority, this Court reversed the conviction of one who had bribed a juror. The Court based its conclusion upon fatal defects in the information, which did not allege that the defendant actually knew that the juror he tried to bribe was a juror, and which did not allege that the gift of money was a thing of value.
In Streeter v. State,[3] cited by the majority, an officer was bribed to ignore the future commission of a crime. This Court held there was no bribery because the contemplated crime had not been committed when the bribe was paid.
The three foregoing cases, all decided between 1915 and 1925, relied more upon the technical deficiencies of the pleadings than upon questions of fact and law. At the time of these cases, pleadings were steeped in technicalities; if modern pleadings had been applied, the results could very well have been quite different. Modern pleadings do not permit form to prevail over substance, as it did in those cases. Clearly, they should no longer serve as precedents for this Court.
A more modern decision, and one which should control the outcome of the instant case, is Raines v. State,[4] in which this Court, speaking through the late Mr. Justice Terrell, held that a member of the State Barber Board could be convicted of receiving a bribe, in order to assist in the granting of a license to an applicant, although he was only one member of the three-member Board, and he alone could not issue the license. The law prohibits the payment of anything of value to influence the official conduct of a public official. It is the scurrilous peddling of one's influence as a public official which the law denounces.
In the case before us, the commissioner notified law enforcement officials of the bribe offer and assisted them in securing an arrest at the scene of the crime. Appellants paid the bribe money to secure the intended results, and whether the one Commissioner who received the money had the capacity to produce a canal permit, or whether one was even needed, should not be the basis to sustain or reverse the conviction.
The effective capacity of public officials is not limited to those areas prescribed by statute. Because of personal and political connections, public officials often can persuade others vested with legal authority to grant favors to people which he could not personally grant through his own single vote or through the exercise of his official duties.
The consent of the governed is essential to the very existence of government in this country. When the public loses confidence in public officials, respect for and allegiance to government diminishes. Because bribery erodes the foundations of government, it is one of the most despicable of all crimes. Those who pay or receive a price to influence the conduct of public officials place the personal enrichment of the participants above the public welfare, and walk in the shadows of treason.
I therefore dissent to the majority opinion.
ERVIN, J., concurs.
NOTES
[1] Fla. Stat., Section 838.011, F.S.A. provides, "Any person who shall corruptly give, offer or promise to any public officer, agent, servant or employee, after the election or appointment or employment of such public officer, agent, servant or employee and either before or after he shall have been qualified or shall take his seat, any commission, gift, gratuity, money, property or other valuable thing, or to do any act beneficial to such public officer, agent, servant or employee or another, with the intent or purpose to influence the act, vote, opinion, decision, judgment or behavior of such public officer, agent, servant or employee on any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity, or with the intent or purpose to influence any act or omission relating to any public duty of such public officer, agent, servant or employee, or with the intent or purpose to cause or induce such public officer, agent, servant or employee to use or exert or to procure the use or exertion of any influence upon or with any other public officer, agent, servant or employee in relation to any matter, question, cause or proceeding that may be pending or may by law be brought before such other public officer, agent, employee or servant, shall be guilty of the crime of bribery."
[1] 70 Fla. 387, 70 So. 390 (1915).
[2] 71 Fla. 267, 71 So. 277 (1916).
[3] 89 Fla. 400, 104 So. 858 (1925).
[4] 65 So.2d 558 (Fla. 1953).